1  Michele A. Dobson, (Bar No. 192349)
2  LAW OFFICES OF MICHELE A. DOBSON
   Historic Bixby Knolls
3  3711 Long Beach Blvd., Suite 5047
   Long Beach, CA 90807
4  T (562) 433-7718 Telephone
   F (562) 433-7719 Facsimile
5  E longbeachesq@gmail.com
6  www.longbeachesq.com

7

8                    UNITED STATES OF AMERICA

9                  UNITED STATES DISTRICT COURT

10

11

12  **BRIAN WHITAKER,**                Case No:  2:19-cv-09457-PJW
                                       Before the Honorable Judge Patrick J. Walsh
13                   **Plaintiff,**
                                       **DEFENDANT, JOYFUL PASTA, INC.,**
14  **v.**                            **NOTICE OF MOTION AND MOTION**
                                       **PURSUANT TO SECTION 12(B)(6);**
15                                     **DECLARATION OF MICHELE A.**
                                       **DOBSON IN COMPLIANCE WITH**
16  **PARK & SECOND, LLC,** a California Limited  **LOCAL RULE 7-3**
17  Liability Company**; JOYFUL PASTA INC.,** a
    California Corporation; and Does 1-10,  **DATE: FEBRUARY 7, 2020**
18                                     **TIME: 1:30 PM**
19                   **Defendant(s).**  **COURTROOM: 790**

20  TO  THIS  HONORABLE  COURT,  TO  ALL  PARTIES  AND  TO  THE  ATTORNEYS  OF

21  RECORD:

22        This motion to dismiss is brought on behalf of **JOYFUL PASTA, INC.** pursuant to Federal

23  Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.

24  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory'

25  or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Summit Tech., Inc. v.

26

27  High-Line Med. Instruments Co., Inc., 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting Balistreri

28  DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION
    12(B)(6) - 1

v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)  (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

As this court is aware, in deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. See, e.g., Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." Summit Tech., 922 F. Supp. at 304 (citing W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) cert. denied, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. See, e.g., id.; Branch v. Tunnel, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court does not need to grant leave to amend in cases where the

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 2

court determines that permitting a plaintiff to amend would be an exercise in futility. See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

The Complaints of Brian Whitaker, from his October, 2019, visit to the Belmont Shore area of the City of Long Beach, asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Act.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). This complaint falls short of the Rule 8(a) standard as to **<u>Defendant Restaurant</u>** and should be dismissed as it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

Mr. Whitaker's Complaints against the Defendant fail on multiple grounds including failing to identify which claim is directed towards which defendant and providing the basis for why the matter is filed in federal court rather than State Court. Article III of the U.S. Constitution restricts federal jurisdiction to claims based on a federal question and claims that satisfy diversity jurisdiction. A civil case commences when a plaintiff files a complaint in the forum of his choice. By winning the proverbial "race to the courthouse," the plaintiff earns the first choice of where a claim will be contested. While state courts have general jurisdiction, federal courts have only

limited jurisdiction.  28 U.S.C. § 1332 (2006); (describing how federal jurisdiction is limited to controversies that either deal with a federal question or involve an amount in question that exceeds $75,000 and is between citizens of different states).   Federal jurisdiction is restricted to limit the volume of cases that federal courts hear and to protect the right of state courts to determine questions of state law.  Defendant asserts this matter is in Federal District Court to get around the enhanced fees of the frequent filer requirements.

As the court is aware, when it comes to intent to return, the question is whether the plaintiff intends to return to the geographic area where the accommodation is located and has a desire to visit the accommodation if it were made accessible.  These details are absent in Brian Whitaker's Complaints against the Businesses in Belmont Shore.  In fact, the Complaints are nearly identical in their lack of specificity regarding the barriers encountered.

It is well-settled that the court may take judicial notice of matters that can be verified in the public record, including court documents.   Courts may properly take judicial notice of "proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001);  Federal Rules of Evidence 201(b)(2).

Defendant requests that this court take judicial notice of the other Belmont Shore Cases filed by Brian Whitaker and Potter Handy below.

In Case No. 2:19-cv-09607 DSF, **Brian Whitaker v. LSB Property Management, Shore Restaurant Group (Legends Restaurant and Sports Bar)**, in paragraph 10 of the Complaint, states that Mr. Whitaker visited Legends Restaurant and Sports Bar in October of 2019, and in paragraph 12, claims there were no accessible dining surfaces.  The allegation is repeated in paragraph 13.  On information and belief, but not personally encountered, in paragraphs 17 and

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 4

18, Mr. Whitaker claims the patio area is not accessible nor are the restrooms accessible.  A true and correct copy of the Complaint is attached as Exhibit "__A__,")

In Case No. 2:19-cv-09667 JAK, **Brian Whitaker v. Ij Lee, Inc, Sushi AI**, in paragraph 8 of the Complaint, states that Mr. Whitaker visited Sushi AI in October of 2019, and in paragraph 10, claims there were no accessible dining surfaces.  The allegation is repeated in paragraph 11. On information and belief, but not personally encountered, in paragraphs 15 and 16, Mr. Whitaker claims the sales counter is not accessible nor are the restrooms accessible.  A true and correct copy of the Complaint is attached as Exhibit "__B__,")

In Case No. 2:19-cv-09561-JAK-JEM, **Brian Whitaker v. RCP Belmont Shore, LLC (Rance's Chicago Pizza)**, in paragraph 8 of the Complaint, states that Mr. Whitaker visited Rance's Chicago Pizza in October of 2019, and in paragraph 10, claims there were no accessible dining surfaces.  The allegation is repeated in paragraph 11.  On information and belief, but not personally encountered, in paragraphs 15 and 16, Mr. Whitaker claims the sales counter is not accessible nor are the restrooms accessible.  A true and correct copy of the Complaint is attached as Exhibit "__C__,")

In Case No. 2:19-cv-09457 PJW, **Brian Whitaker v. Park & Second, LLC, Joyful Pasta (LaStrada Restaurant)**, in paragraph 10 of the Complaint, states that Mr. Whitaker visited LaStrada Restaurant in October of 2019, and in paragraph 12, claims again there were no accessible dining surfaces.  The allegation is repeated in paragraph 13.  On information and belief, but not personally encountered, in paragraphs 17 and 18, Mr. Whitaker claims the restrooms were not accessible.  A true and correct copy of the Complaint is attached as Exhibit "__D__,")

In Case No. 2:19-cv-09932 CJC, **Brian Whitaker v. PLH Holdings, Pietris Bakery**, in paragraph 10 of the Complaint, states that Mr. Whitaker visited Pietris Bakery in October of 2019,

and in paragraph 12, claims there were no accessible dining surfaces.  The allegation is repeated in paragraph 13.  On information and belief, but not personally encountered, in paragraphs 17 and 18, Mr. Whitaker claims there were no restrooms accessible.  A true and correct copy of the Complaint is attached as Exhibit "**E**,")

In Case No.  2:19-cv-09679 JWF, **Brian Whitaker v. 5018 E2, LLC, Poke Pola**, in paragraph 10 of the Complaint, states that Mr. Whitaker visited Poke Pola in October of 2019, and in paragraph 12, claims there were no accessible dining surfaces.  The allegation is repeated in paragraph 13.  There are no other details of the barriers encountered personally.  A true and correct copy of the Complaint is attached as Exhibit "**F**,")

In Case No.  2:19-cv-09676, **Brian Whitaker v. Panama Joe's Investors, LLC**, in paragraph 8 of the Complaint, states that Mr. Whitaker visited Panama Joe's Restaurant in October of 2019.  The accessible concerns are nearly identical to the allegations above.  A true and correct copy of the Complaint is attached as Exhibit "**G**,")

In addition to the above referenced restaurants, in October of 2019, Mr. Whitaker claims he visited, and subsequently sued in federal court, the following additional Belmont Shore Businesses:  The Tap House, The Belmont Shore Athletic Club, Sanchoz Tacos, Sheer Pleasure Salon and Long Beach Apparel and Gifts.  Each Complaint names the landlords of the properties and the establishment where Mr. Whitaker allegedly encountered a barrier.

For the above-referenced cases and the attached Complaints, Defendant's request for judicial notice is GRANTED as to the above referenced Brian Whitaker ADA Cases, and any Whitaker's objections be OVERRULED.

Defendants assert that a Plaintiff has to at least prove actual knowledge of the barriers and show that he or she would visit the building in the imminent future but for those barriers.  Further,

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 6

an injury has to be imminent rather than conjectural or hypothetical as alleged in Brian Whitaker's complaint against the multiple Belmont Shore Businesses allegedly visited in October of 2019, including the instant Defendant.

As this court is aware, the plaintiff has to support each element of standing in the same way as any other matter on which he or she bears the burden of proof.   Courts   generally   consider three factors with respect to intent to return: 1) the distance between the plaintiff's residence and the accommodation; 2) the frequency of the plaintiff's past visits both to the area where the accommodation is located and to the accommodation itself; and 3) the definiteness of the plaintiff's plans to return to the accommodation in the future, including reasons for making the return trip and visiting the place of public accommodation.   Each of which is absent from Brian Whitaker's complaints against the various Belmont Shore Businesses.   Mr. Whitaker's Complaint only provides that he is a resident of the State of California and at some point, plans to return to the Belmont Shore District of the City of Long Beach to make sure the barriers are removed.

Legitimate business owners want nothing more than to follow the law and accommodate as many paying customers as they can. But continued spates of ADA "drive-by" and "surf-by" lawsuits, often initiated by the same attorneys representing the same individuals, suggest that there are incentives at work other than just remedying actual, ongoing injuries and making significant accessibility improvements under the ADA. These serial ADA litigants bring repeated claims without ever intending to buy any products or services from the businesses that they sue, testing the constitutional requirement that all cases present an actual case and controversy.   U.S. Const. Art. III § 2 cl 1.

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 7

Here, Mr. Whitaker targeted the Belmont Shore area of the City of Long Beach alleging that he went up and down the area in the month of October, 2019, encountering multiple barriers at upwards of 12 businesses including:

**Belmont Shore, City of Long Beach**

Shear Pleasure, 4726 East Second Street;

Poke Pola, 5040 East Second Street;

Panama Joe's, 5100 East Second Street;

Long Beach Tap House, 5110 East Second Street;

Long Beach Apparel and Gifts, Inc., 5110 East Second Street;

Legends Restaurant and Sports Bar, 5236 East Second Street;

Rance's Chicago Pizza, 5258 East Second Street;

Sushi AI, 5260 East Second Street;

Sanchoz's Tacos, 5272 East Second Street;

Belmont Shore Athletic Club, 4918 E Second Street.

**Naples District, City of Long Beach (same law firm, different Plaintiff)**

The Small Café, 5656 East Second Street, 2:19-cv-01272-ODW-JEM Chris Langer v. Banneret, LLC et al;

House of Punjab, 5650 East Second Street, 2:19-cv-01272-ODW-JEM Chris Langer v. Banneret, LLC et al;

The Pie Hole, 5277 East Second Street, 2:19-cv-01274, Chris Langer v. Truwest Investment Group, L.P. et al, (The Pie Hole), SETTLED.

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act."

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 8

Velez v. Il Fornaio (America) Corp., CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. See Cal. Civ. Proc. Code § 425.50(a).

California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. See Cal. Civ. Proc. Code § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. Id. When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.  Cal. Civ. Proc. Code § 425.55(b)(1).

The definition of high-frequency litigant also extends to attorneys. See Cal. Civ. Proc. Code § 425.55(b)(2). In support of its imposition of additional requirements on high-frequency litigants, the California Legislature found and declared:

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 9

According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336). Cal. Civ. Proc. Code § 425.55(a)(2).

In response to these "special and unique circumstances," Cal. Civ. Proc. Code § 425.55(3), California imposed a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees. Cal. Gov't Code § 70616.5. California law also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-

frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. See Cal. Civ. Proc. Code § 425.50(a)(4)(A). According to a search of the cases filed by the Plaintiff on Pacer (Exhibit " **H** ") and a search of the Potter Handy Law Firm (Exhibit " **J** "), Plaintiff falls within the definition of a high frequency litigant and this matter is improperly venued in Federal Court to get around the high frequency litigant requirements.

As the court may be aware, California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on Unruh Act claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine an Unruh Act claim with an ADA claim for injunctive relief. The number of construction related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions.

According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 11

frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. By filing these actions in federal court, Plaintiff has evaded these limits and sought a forum in which Plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in this action under 28 U.S.C. § 1367(c)(4). Defendants respectfully request that this court decline to exercise supplemental jurisdiction in this matter.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>  (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 12

original jurisdiction, or

(4) in exceptional circumstances, there are other compelling

reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (citation omitted) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

As the court is aware, Federal District Courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago, 522 U.S. at 173. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Cohill, 484 U.S. at 350).

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 13

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances." Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1558 (9th Cir. 1994).

According to the Ninth Circuit, this "inquiry is not particularly burdensome." Id. When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying Gibbs values are best served by declining jurisdiction in the particular case (the compelling reasons)." Id.

Declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity:

As a high-frequency litigant . . . the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Defense respectfully requests that this Court decline supplemental jurisdiction over Plaintiff's Unruh Act claim. Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); see also Gibbs, 383 U.S. at 726.

Although the plaintiffs and their counsel will argue that they filed in federal court not to evade California's restrictions, but because of the quality of the judges, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority; however, Court have found

such arguments unpersuasive and belied by the recent nature of the dramatic increase in the filing of such cases in federal court.  Indeed, those reasons, if true at all, do not explain why nearly nine times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013.

As one district court recently explained:

In attempting to show that his decision to file in federal court is not simply an attempt to evade California's heightened pleading rules, Schutza insists the 'quality of judges [and] the quality of legal rulings' is higher in federal court. This argument, of course, flies in the face of our judicial system's equal respect for state and federal courts. The convenience of electronic filing and the widespread availability of published opinions—other arguments Schutza advances—may be creature comforts that make filing in federal court more enticing, but they hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims. If Schutza were able to articulate a persuasive reason for his decision to file in federal court, perhaps this would be a different story. As it stands, though, the Court can discern no basis for the state law claim being filed in federal court other than to prevent California from being able to apply and enforce its own rules.  Schutza v. Alessio Leasing, Inc. (Alessio Leasing), CV 18-2154 LAB (AGS), 2019 WL 1546950, at *3 (S.D. Cal. Apr. 8, 2019); see also Schutza, 262 F. Supp. 3d at 1031 ("It is unclear what advantage— other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."). "Federal courts may properly take measures to discourage forum-shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period, the Court finds this to be a compelling reason to decline

supplemental jurisdiction." Schutza, 262 F. Supp. 3d at 1031 (footnote omitted) (citing Hanna v. Plumer, 380 U.S. 460, 467–68 (1965)).

California's elected representatives, not this Court, have enacted laws restricting construction-related accessibility claims, and, as a result, dictated that these claims be treated differently than other actions. By merely recognizing that enterprising attorneys have evaded California's limitations on construction-related accessibility claims by filing these actions in federal court, this Court would not be engaging in a "calendar clearing exercise," or "discriminat[ed] against those with disabilities." Nor does declining to exercise supplemental jurisdiction in these extraordinary circumstances reflect a preference for California's restrictions on construction-related accessibility claims or offend the Erie doctrine as some plaintiffs suggest when Plaintiffs are Ordered to Show Cause. The astronomical growth in the filing of these cases in federal court has coincided with California's limitations on construction-related accessibility claims suggests that it is precisely because the federal courts have not adopted California's limitations on such claims that federal courts have become the preferred forum for them.

The Defense respectfully request that this Court conclude that "exceptional circumstances" and "compelling reasons" support the decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4).

Additionally, that this motion to dismiss be granted for the reasons stated above.

DATED:  November 30, 2019          LAW OFFICES OF MICHELE A. DOBSON

_____
MICHELE A. DOBSON
Attorney for Defendant

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 16

## DECLARATION OF MICHELE A. DOBSON

1.      I am an attorney licensed to practice before all of the courts of the state of California and have been practicing for 23 years.  Our primary area of practice is the defense of small businesses and not for profits.  I began my career as a District Office Representative for the California Legislature, spent 3 years as an Orange County Public Defender, 5.5 years as a Senior Associate in a Professional Negligence Insurance Defense Firm and in solo practice for almost 13 years.  I have personal knowledge of the facts within this Declaration and if called to testify, could and would, testify to the facts of this Declaration.  I provide this declaration pursuant to penalty of perjury under the laws of the United States of America and the State of California.

2.      I am retained counsel for the Responding Entities and I have familiarized myself with the corporate structure of each Entity.  In multiple cases filed by Mr. Whitaker and another Plaintiff, Chris Langer, the City of Long Beach has been geographically targeted by Potter Handy.

3.      On December 3, 2019, I spoke with an Attorney named Dennis Price who represented that he was authorized to speak on behalf of the Plaintiff.  I scheduled the telephone conference to speak about the following topics:  (1) Our representation of the Above Referenced Belmont Shores Businesses, (2) Our continued representation of the Above Referenced Naples District Businesses, (3) That the Complaints served upon our clients are "cookie cutter" our clients wanted us to pursue a finding that Plaintiffs Brian Whitaker and Chris Langer are using the federal courts to get around the high frequency enhanced filing fee in state court, (4) That our clients wanted us to pursue a finding that Plaintiffs Brian Whitaker and Chris Langer, through the Potter Handy Law Firm are abusing the ADA statutes as a means of making a living for themselves and Potter Handy Law Firm, (5) That we would present these issues for consideration to the court in the form of Motions to Dismiss on behalf of the Belmont Shore Businesses and/or seek a Ruling

that this Court decline to exercise Supplemental Jurisdiction over the Unruh Claims and that the Defense would seek a Ruling on a Vexatious Litigant Motion on behalf of the Belmont Shore and Naples Businesses and (6) That in deposition Chris Langer already admitted that he never left his Van; however, his complaint includes claims regarding the interiors of the Naples District Restaurants which is odd because if he never actually went into the restaurants, how does he know they are not compliant, (7) That common sense dictates that it is highly unlikely that Brian Whitaker, visited, or attempted to visit, 12 Belmont Shore Establishments in the month of October, 2019, and encountered barriers, (8) That we would seek Summary Judgment for each client listed above as each is ADA compliant with CASp Certificates or CASp Certificate updates which makes Brian Whitaker and Chris Langer's allegations "moot," (9) That we believe it is a valid federal question to present to the court regarding the mass filings by Brian Whitaker (Exhibit "__H__"), Chris Langer (Exhibit "__I__") and Potter Handy Law Offices (Exhibit "__J__"); however, the conventional wisdom of the defense bar is to settle ADA claims and accept them as a cost of doing business and pray you do not get hit very often.  Therefore, as we explained to Mr. Price, Federal District Courts so not get the opportunity to address the issue of frequent filers getting around the State Court high frequency filer requirements by filing the ADA Claims, hundreds at a time, in Federal District Court.

      4.      Attorney Price indicated that he would seek sanctions against our Firm for seeking the Vexatious Litigant Finding as to Brian Whitaker and Chris Langer.  Attorney Price indicated that his clients are seeking to educate the City of Long Beach about ADA compliance and are not maliciously geographically targeting the City for quick settlements.  Attorney Price indicated he believed that our firm was confusing the California High Frequency Filing Requirements with the Vexatious Litigant Federal Statute.  However, Attorney Price indicated that his clients have a right

to litigate these claims and they would continue to prosecute businesses that are non-compliant. In the end, there was no way to avoid this motion and Attorney Price agreed that we complied with our obligation to meet and confer with Potter Handy prior to filing the motions.

5.     We request that the court take judicial notice of the Pacer and ECF System listing of the cases filed September of 2019, through December of 2019, by Brian Whitaker, Chris Langer and their Attorneys, Potter Handy.  A true and correct copy of the filings are attached as Exhibits "__H__," "__I__," and "__J__."  Additionally, a true and correct copy of each of our clients' Brian Whitaker Complaints are attached as Exhibits "__A__" through "__G__" and the defense respectfully requests that this court take judicial notice of the Complaints attached as Exhibits "__A__" through "__G__."

9.     On behalf of our clients, we respectfully request that this court accept Defense Counsel's attempt to comply with Rule 7-3.

DATED:  November 30, 2019          LAW OFFICES OF MICHELE A. DOBSON

_____
MICHELE A. DOBSON
Attorney at Law

DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 19

# Exhibit A

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | Case No. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **LSB Property Management, LLC,** a California Limited Liability Company; **Shore Restaurant Group, LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of LSB Property Management, LLC, a California Limited Liability Company; Shore Restaurant Group, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

1

Complaint

2. Defendant LSB Property Management, LLC owned the real property located at or about 5236 E. 2nd Street, Long Beach, California, in October 2019.

3. Defendant LSB Property Management, LLC owns the real property located at or about 5236 E. 2nd Street, Long Beach, California, currently.

4. Defendant Shore Restaurant Group, LLC owned Legends Restaurant & Sports Bar located at or about 5236 E. 2nd Street, Long Beach, California, in October 2019.

5. Defendant Shore Restaurant Group, LLC owns Legends Restaurant & Sports Bar ("Legends") located at or about 5236 E. 2nd Street, Long Beach, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

2

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Legends in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. Legends is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. Plaintiff personally encountered these barriers.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible paths of travel in the patio area.

18. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

19. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with

Complaint

disabilities.

20. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

21. Plaintiff will return to Legends to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Legends and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

22. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

23. Plaintiff re-pleads and incorporates by reference, as if fully set forth

4

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

24. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

25. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

26. Here, accessible dining surfaces have not been provided.

27. When a business provides paths of travel, it must provide accessible

Complaint

paths of travel.

28. Here, accessible paths of travel have not been provided.

29. When a business provides facilities such as restrooms, it must provide accessible restrooms.

30. Here, accessible restrooms have not been provided.

31. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

35. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

36. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

Complaint

1  rights to full and equal use of the accommodations, advantages, facilities,
2  privileges, or services offered.

3      37. Because the violation of the Unruh Civil Rights Act resulted in difficulty,
4  discomfort or embarrassment for the plaintiff, the defendants are also each
5  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-
6  (c).)

7

8      **PRAYER**:

9      Wherefore, Plaintiff prays that this Court award damages and provide
10  relief as follows:

11      1. For injunctive relief, compelling Defendants to comply with the
12  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the
13  plaintiff is not invoking section 55 of the California Civil Code and is not
14  seeking injunctive relief under the Disabled Persons Act at all.

15      2. Damages under the Unruh Civil Rights Act, which provides for actual
16  damages and a statutory minimum of $4,000 for each offense.

17      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
18  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

19
20  Dated: November 6, 2019    CENTER FOR DISABILITY ACCESS

21
22      By:

23      _____
24      Russell Handy, Esq.
    Attorney for plaintiff
25
26
27
28

7

Complaint

# Exhibit B

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Ij Lee, Inc.,** a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Ij Lee, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Ij Lee, Inc. owned Sushi Ai located at or about 5260 E. 2nd Street, Long Beach, California, in October 2019.

3. Defendant Ij Lee, Inc. owns Sushi Ai ("Restaurant") located at or about 5260 E. 2nd Street, Long Beach, California, currently.

1

Complaint

4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.   Plaintiff went to the Restaurant in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

9.   The Restaurant is a facility open to the public, a place of public

Complaint

accommodation, and a business establishment.

10. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

11. On information and belief, the defendants currently fail to provide accessible dining surfaces.

12. Plaintiff personally encountered these barriers.

13. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible sales counters.

16. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and

3

Complaint

his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

26. Here, accessible sales or transaction counters have not been provided.

27. When a business provides facilities such as restrooms, it must provide accessible restrooms.

28. Here, accessible restrooms have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

5

Complaint

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6

Complaint

1  plaintiff is not invoking section 55 of the California Civil Code and is not

2  seeking injunctive relief under the Disabled Persons Act at all.

3      2. Damages under the Unruh Civil Rights Act, which provides for actual

4  damages and a statutory minimum of $4,000 for each offense.

5      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

6  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

7

8  Dated: November 5, 2019      CENTER FOR DISABILITY ACCESS

9

10                              By:

11                              _____

12                                   Russell Handy, Esq.
                                     Attorney for plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Complaint

Exhibit C

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **RCP Belmont Shore LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of RCP Belmont Shore LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant RCP Belmont Shore LLC owned Rance's Chicago Pizza located at or about 5258 E. 2nd Street, Long Beach, California, in October 2019.

1

Complaint

3.  Defendant RCP Belmont Shore LLC owns Rance's Chicago Pizza ("Restaurant") located at or about 5258 E. 2nd Street, Long Beach, California, currently.

4.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.  Plaintiff went to the Restaurant in October 2019 with the intention to

Complaint

avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

9. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

10. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

11. On information and belief, the defendants currently fail to provide accessible dining surfaces.

12. Plaintiff personally encountered these barriers.

13. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible sales counters.

16. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to the Restaurant to avail himself of its goods and to

Complaint

determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices,

4

Complaint

or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

 b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

 c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

26. Here, accessible sales or transaction counters have not been provided.

27. When a business provides facilities such as restrooms, it must provide accessible restrooms.

28. Here, accessible restrooms have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

Complaint

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

1      **PRAYER**:

2        Wherefore, Plaintiff prays that this Court award damages and provide

3  relief as follows:

4      1. For injunctive relief, compelling Defendants to comply with the

5  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6  plaintiff is not invoking section 55 of the California Civil Code and is not

7  seeking injunctive relief under the Disabled Persons Act at all.

8      2. Damages under the Unruh Civil Rights Act, which provides for actual

9  damages and a statutory minimum of $4,000 for each offense.

10      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

11  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

12

13  Dated: November 5, 2019      CENTER FOR DISABILITY ACCESS

14

15                    By:

16                    _____

17                    Russell Handy, Esq.
                  Attorney for plaintiff

18

19

20

21

22

23

24

25

26

27

28

---

7

Complaint

# Exhibit D

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | Case No. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Park & Second, LLC,** a California Limited Liability Company; **Joyful Pasta Inc.**, a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Park & Second, LLC, a California Limited Liability Company; Joyful Pasta Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Park & Second, LLC owned the real property located at or about 4716 E. 2nd Street, Long Beach, California, in October 2019.

Complaint

3.   Defendant Park & Second, LLC owns the real property located at or about 4716 E. 2nd Street, Long Beach, California, currently.

4.   Defendant Joyful Pasta Inc. owned La Strada located at or about 4716 E. 2nd Street, Long Beach, California, in October 2019.

5.   Defendant Joyful Pasta Inc. owns La Strada ("Restaurant") located at or about 4716 E. 2nd Street, Long Beach, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. Plaintiff personally encountered these barriers.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. Even though the plaintiff did not confront the barrier, on information and belief the defendants currently fail to provide accessible restrooms.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

20. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to

Complaint

him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

21. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

25. Here, accessible dining surfaces have not been provided.

26. When a business provides facilities such as restrooms, it must provide accessible restrooms.

27. Here, accessible restrooms have not been provided.

28. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that the accessible facilities were available

Complaint

and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

32. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

33. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

34. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

   **PRAYER**:

   Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

   1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 1, 2019    CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

7

Exhibit E

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **PLH Holdings LLC**, a California Limited Liability Company; **Pietris Bakery USA, Inc.**, a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of PLH Holdings LLC, a California Limited Liability Company; Pietris Bakery USA, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant PLH Holdings LLC owned the real property located at or about 5000 E. 2nd Street, Long Beach, California, in October 2019.

1

Complaint

3. Defendant PLH Holdings LLC owns the real property located at or about 5000 E. 2nd Street, Long Beach, California, currently.

4. Defendant Pietris Bakery USA, Inc. owned Pietris Bakery located at or about 5000 E. 2nd Street, Long Beach, California, in October 2019.

5. Defendant Pietris Bakery USA, Inc. owns Pietris Bakery ("Bakery") located at or about 5000 E. 2nd Street, Long Beach, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Bakery in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Bakery is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. This barrier relates to and impacts the plaintiff's disability. Plaintiff personally encountered this barrier.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. Even though the plaintiff did not confront the barrier, on information and belief the defendants currently fail to provide accessible restrooms. Plaintiff seeks to have these barriers removed as they relate to and impact his disability.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous

3

alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

20. Plaintiff will return to the Bakery to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Bakery and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

21. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

4

Complaint

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

25. Here, accessible dining surfaces have not been provided.

26. When a business provides facilities such as restrooms, it must provide accessible restrooms.

27. Here, accessible restrooms have not been provided.

28. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

Complaint

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

32. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

33. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

34. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 19, 2019    CENTER FOR DISABILITY ACCESS

By:    _____

Russell Handy, Esq.
Attorney for plaintiff

---

7

Complaint

Exhibit F

1
2
3
4
5
CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

6
Attorneys for Plaintiff

7

8
9
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 **Brian Whitaker**, | **Case No**. |
| 12 Plaintiff, | |
| 13 v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| 14 **5018 E2 LLC,** a California Limited Liability Company; | |
| 15 **Irene and Nick, LLC,** a California Limited Liability Company; and Does 1-10, | |
| 16 | |
| 17 Defendants. | |

18

19      Plaintiff Brian Whitaker complains of 5018 E2 LLC, a California

20  Limited Liability Company; Irene and Nick, LLC, a California Limited

21  Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

22

23      **PARTIES:**

24      1.  Plaintiff is a California resident with physical disabilities. He is

25  substantially limited in his ability to walk. He suffers from a C-4 spinal cord

26  injury. He is a quadriplegic. He uses a wheelchair for mobility.

27      2.  Defendant 5018 E2 LLC owned the real property located at or about

28  5040 E. 2nd Street, Long Beach, California, in October 2019.

Complaint

3.   Defendant 5018 E2 LLC owns the real property located at or about 5040 E. 2nd Street, Long Beach, California, currently.

4.   Defendant Irene and Nick, LLC owned Poke Pola located at or about 5040 E. 2nd Street, Long Beach, California, in October 2019.

5.   Defendant Irene and Nick, LLC owns Poke Pola ("Restaurant") located at or about 5040 E. 2nd Street, Long Beach, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. Plaintiff personally encountered these barriers.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and

Complaint

his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

4

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

26. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

27. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

5

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

29. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

30. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

31. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

6

Complaint

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: October 31, 2019     CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

7

Exhibit G

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Panama Joes Investors LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Panama Joes Investors LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Panama Joes Investors LLC owned Panama Joe's located at or about 5100 E. 2nd Street, Long Beach, California, in October 2019.

3. Defendant Panama Joes Investors LLC owns Panama Joe's located at or

1

Complaint

about 5100 E. 2nd Street, Long Beach, California, currently.

4.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.  Plaintiff went to Panama Joe's in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

Complaint

9. Panama Joe's is a facility open to the public, a place of public accommodation, and a business establishment.

10. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

11. On information and belief, the defendants currently fail to provide accessible dining surfaces.

12. Plaintiff personally encountered these barriers.

13. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible paths of travel in the patio area.

16. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to Panama Joe's to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Panama Joe's and its facilities are accessible. Plaintiff is currently

3

Complaint

deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

        a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

4

Complaint

accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

 b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

 c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. When a business provides paths of travel, it must provide accessible paths of travel.

26. Here, accessible paths of travel have not been provided.

27. When a business provides facilities such as restrooms, it must provide accessible restrooms.

28. Here, accessible restrooms have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily

Complaint

1   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

2   31. Here, the failure to ensure that the accessible facilities were available

3   and ready to be used by the plaintiff is a violation of the law.

4

5   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

6   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

7   Code § 51-53.)

8   32. Plaintiff repleads and incorporates by reference, as if fully set forth

9   again herein, the allegations contained in all prior paragraphs of this

10  complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

11  that persons with disabilities are entitled to full and equal accommodations,

12  advantages, facilities, privileges, or services in all business establishment of

13  every kind whatsoever within the jurisdiction of the State of California. Cal.

14  Civ. Code §51(b).

15  33. The Unruh Act provides that a violation of the ADA is a violation of the

16  Unruh Act. Cal. Civ. Code, § 51(f).

17  34. Defendants' acts and omissions, as herein alleged, have violated the

18  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

19  rights to full and equal use of the accommodations, advantages, facilities,

20  privileges, or services offered.

21  35. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

22  discomfort or embarrassment for the plaintiff, the defendants are also each

23  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

24  (c).)

25

26

27

28

6

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 11, 2019        CENTER FOR DISABILITY ACCESS


By:         _____

                    Russell Handy, Esq.
                    Attorney for plaintiff

---

7

Complaint

Exhibit H

 **Party Search Results**

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Last Name: [Whitaker]; First Name:
[Brian]; Party Role: [PLA]; Sort: [Party Name, Descending]
**Result Count:** 768 (15 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Whitaker,, Brian (pla) | 2:2019cv06088 | Brian Whitaker, v. Say s Investment, LLC, et al | California Central District Court | 446 | 07/16/2019 | |
| Whitaker,, Brian (pla) | 2:2019cv04341 | Brian Whitaker, v. Marylee C. Reeder et al | California Central District Court | 446 | 05/20/2019 | |
| WHITAKER, BRIAN G. (pla) | 1:2016cv00383 | WHITAKER v. USA | U.S. Court of Federal Claims | 352 | 03/25/2016 | 08/31/2018 |
| Whitaker, Brian (pla) | 4:1994cv01020 | Whitaker v. Carbone | Texas Southern District Court | 550 | 03/29/1994 | 10/31/1995 |
| WHITAKER, BRIAN (pla) | 1:2002cv04520 | BLUE, et al v. FORD MOTOR COMPANY | New Jersey District Court | 380 | 09/18/2002 | 06/16/2004 |
| Whitaker, Brian (pla) | 3:2011cv00647 | MURRAY v. GERDAU AMERISTEEL CORP. et al | New Jersey District Court | 710 | 02/04/2011 | 08/26/2013 |
| Whitaker, Brian (pla) | 3:2011cv00132 | Whitaker et al v. Waste Management of Kentucky Holdings, Inc. et al | Kentucky Western District Court | 442 | 03/03/2011 | 03/15/2012 |
| Whitaker, Brian (pla) | 6:2011cv00092 | Whitaker v. Stewart et al | Kentucky Eastern District Court | 350 | 03/24/2011 | 12/16/2011 |
| Whitaker, Brian (pla) | 3:2019cv01364 | Whitaker v. Macy's West Stores, Inc. et al | California Southern District Court | 446 | 07/23/2019 | 10/16/2019 |
| Whitaker, Brian (pla) | 3:2019cv01299 | Whitaker v. S.F. Partners et al | California Southern District Court | 446 | 07/14/2019 | |
| Whitaker, Brian (pla) | 3:2019cv01217 | Whitaker v. UTC Venture LLC et al | California Southern District Court | 446 | 06/30/2019 | |
| Whitaker, Brian (pla) | 3:2019cv01216 | Whitaker v. SI UTC Property Owner, LLC et al | California Southern District Court | 446 | 06/30/2019 | 08/26/2019 |
| Whitaker, Brian (pla) | 3:2019cv01194 | Whitaker v. Johnny Was, LLC et al | California Southern District Court | 446 | 06/26/2019 | 11/13/2019 |
| Whitaker, Brian (pla) | 3:2019cv01193 | Whitaker v. Tesla Motors, Inc. et al | California Southern District Court | 446 | 06/26/2019 | |
| Whitaker, Brian (pla) | 3:2019cv07183 | Whitaker v. Ohanessian et al | California Northern District Court | 446 | 10/31/2019 | |
| Whitaker, Brian (pla) | 4:2019cv07182 | Whitaker v. Starbucks Corporation et al | California Northern District Court | 446 | 10/31/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06707 | Whitaker v. Cebon Green Papaya Restaurant, Inc. | California Northern District Court | 446 | 10/18/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06703 | Whitaker v. 45 Belden Place, LLC et al | California Northern District Court | 446 | 10/18/2019 | |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Whitaker, Brian (pla) | 3:2019cv06543 | Whitaker v. Sharratt Endeavors, Inc. et al | California Northern District Court | 446 | 10/11/2019 | 12/02/2019 |
| Whitaker, Brian (pla) | 3:2019cv06542 | Whitaker v. Kearny SF I-Tea LLC et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06540 | Whitaker v. SML L&L Corp. et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06539 | Whitaker v. Panco Development, Inc. et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06538 | Whitaker v. Steiner et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06537 | Whitaker v. Emporio Rulli II Caffe at Union Square, Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06536 | Whitaker v. Phonamenon Management Group, LLC et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06535 | Whitaker v. Split Bread, Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06534 | Whitaker v. Working Girls' Cafe', Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06533 | Whitaker v. Icicles Creamrolls, Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06514 | Whitaker v. Oakwood Hotel LLC et al | California Northern District Court | 446 | 10/10/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06512 | Whitaker v. Panco Development, Inc. et al | California Northern District Court | 446 | 10/10/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06510 | Whitaker v. 11 Belden Place LLC et al | California Northern District Court | 446 | 10/10/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06477 | Whitaker v. Zara USA, Inc. et al | California Northern District Court | 446 | 10/09/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10400 | Whitaker v. Moradzadeh et al | California Central District Court | 446 | 12/09/2019 | |
| Whitaker, Brian (pla) | 2:2019cv08357 | Brian Whitaker v. Tomas Martinez et al | California Central District Court | 446 | 09/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv08356 | Brian Whitaker v. Roast To Go Corporation et al | California Central District Court | 446 | 09/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10140 | Brian Whitaker v. The Gross Family Limited Partnership et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10130 | Brian Whitaker v. The Viole Family LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10129 | Brian Whitaker v. Jaber Original Holdings III, LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10128 | Brian Whitaker v. Hard Four Eatery, Inc et al | California Central District Court | 446 | 11/27/2019 | |

PACER Case Locator Search Results

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Whitaker, Brian (pla) | 2:2019cv10127 | Brian Whitaker v. Beverly Falafel, Inc et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10126 | Brian Whitaker v. Matt Hyuk Min Kim et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10125 | Brian Whitaker v. Marclon LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10124 | Brian Whitaker v. Lady M West Third, LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10123 | Brian Whitaker v. La Goccia, Inc. et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10122 | Brian Whitaker v. Nespresso USA, Inc. et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02292 | Brian Whitaker v. Travismathew, LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02291 | Brian Whitaker v. Pain Du Monde, Inc. et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02290 | Brian Whitaker v. Yard House USA, Inc. et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02289 | Brian Whitaker v. Bloomingdales, Inc., et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02288 | Brian Whitaker v. PQ Newport Beach Bakery, Inc. et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10086 | Brian Whitaker v. Blushington Brentwood LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10085 | Brian Whitaker v. Voluspa Retail, LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10082 | Brian Whitaker v. VRS Properties, LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10081 | Brian Whitaker v. Joes Pizza On Sunset, LLC et al | California Central District Court | 446 | 11/26/2019 | |

| PACER Service Center | | |
|---|---|---|
| | **Receipt** 12/10/2019 14:02:17 924076881 | |
| **User** | MicheleDobson | |
| **Client Code** | | |
| **Description** | Civil Party Search | |
| | All Courts; Name Whitaker, Brian; Jurisdiction CV; Role pla; All Courts; Page: 1; sort: Party Name, DESC | |
| **Billable Pages** | 1 ($0.10) | |

# Exhibit I

 **PACER** Case Locator

# Party Search Results

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Nature of Suit: [443, 445, 446]; Last Name: [Langer]; First Name: [Chris]; Exact Matches Only; Sort: [Party Name, Descending]
**Result Count:** 1279 (24 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Langer, Chris (pla) | 3:2019cv02146 | Langer v. Wolpe et al | California Southern District Court | 446 | 11/08/2019 | |
| Langer, Chris (pla) | 3:2019cv02128 | Langer v. Small Properties, LLC et al | California Southern District Court | 446 | 11/05/2019 | |
| Langer, Chris (pla) | 3:2019cv01994 | Langer v. Carlsbad Strawberry Company, Inc. et al | California Southern District Court | 446 | 10/15/2019 | |
| Langer, Chris (pla) | 3:2019cv01890 | Langer v. Pacifica Enterprises, Inc. et al | California Southern District Court | 446 | 09/30/2019 | |
| Langer, Chris (pla) | 3:2019cv01839 | Langer v. Otay Mesa Property L.P. et al | California Southern District Court | 446 | 09/25/2019 | |
| Langer, Chris (pla) | 3:2019cv01838 | Langer v. Harris et al | California Southern District Court | 446 | 09/25/2019 | |
| Langer, Chris (pla) | 3:2019cv01823 | Langer v. Neenah Properties, LLC et al | California Southern District Court | 446 | 09/23/2019 | |
| Langer, Chris (pla) | 3:2019cv01791 | Langer v. Park et al | California Southern District Court | 446 | 09/17/2019 | |
| Langer, Chris (pla) | 3:2019cv01790 | Langer v. 6830 La Jolla Blvd., LLC et al | California Southern District Court | 446 | 09/17/2019 | |
| Langer, Chris (pla) | 3:2019cv01789 | Langer v. Eischen et al | California Southern District Court | 446 | 09/17/2019 | 10/23/2019 |
| Langer, Chris (pla) | 3:2019cv01619 | Langer v. De Maria et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01618 | Langer v. Two Plus Five Family Parternship et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01617 | Langer v. Cardosa et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01612 | Langer v. Snug Harbor Enterprises LLC et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01880 | Langer v. Hktopway, LLC et al | California Southern District Court | 446 | 09/30/2019 | |
| Langer, Chris (pla) | 3:2019cv01879 | Langer v. Deddeh et al | California Southern District Court | 446 | 09/30/2019 | |
| Langer, Chris (pla) | 3:2019cv01469 | Langer v. Rosecrans Canon, LLC et al | California Southern District Court | 446 | 08/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01467 | Langer v. Neglia et al | California Southern District Court | 446 | 08/06/2019 | 11/25/2019 |
| Langer, Chris (pla) | 3:2019cv01425 | Langer v. Kushnir et al | California Southern District Court | 446 | 07/28/2019 | |
| Langer, Chris (pla) | 3:2019cv01422 | Langer v. Cricks et al | California Southern District Court | 446 | 07/30/2019 | 11/18/2019 |

Case 2:19-cv-09457-JAK-AS   Document 15   Filed 12/12/19   Page 82 of 87   Page ID #:107

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|------------|-------------|-----------|-------|-----|-----------|-------------|
| Langer, Chris (pla) | 3:2019cv01412 | Langer v. D & D Company Properties, LLC et al | California Southern District Court | 446 | 07/29/2019 | 12/09/2019 |
| Langer, Chris (pla) | 3:2019cv01409 | Langer v. Petras et al | California Southern District Court | 446 | 07/28/2019 | 07/30/2019 |
| Langer, Chris (pla) | 3:2019cv01408 | Langer v. Petras et al | California Southern District Court | 446 | 07/28/2019 | |
| Langer, Chris (pla) | 3:2019cv01407 | Langer v. Arizala et al | California Southern District Court | 446 | 07/28/2019 | |
| Langer, Chris (pla) | 3:2019cv01406 | Langer v. 3328 Main, LLC et al | California Southern District Court | 446 | 07/28/2019 | 10/31/2019 |
| Langer, Chris (pla) | 3:2019cv01201 | Langer v. Thomas et al | California Southern District Court | 446 | 06/27/2019 | 09/16/2019 |
| Langer, Chris (pla) | 3:2019cv01167 | Langer v. Hodge et al | California Southern District Court | 446 | 06/20/2019 | |
| Langer, Chris (pla) | 3:2019cv01166 | Langer v. Vargas et al | California Southern District Court | 446 | 06/20/2019 | |
| Langer, Chris (pla) | 3:2019cv01165 | Langer v. Zagami et al | California Southern District Court | 446 | 06/20/2019 | |
| Langer, Chris (pla) | 3:2019cv01061 | Langer v. FNB Land Enterprises, LLC et al | California Southern District Court | 446 | 06/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01058 | Langer v. Four Stars Enterprise Inc et al | California Southern District Court | 446 | 06/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01057 | Langer v. JJ San Diego LLC et al | California Southern District Court | 446 | 06/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01016 | Langer v. Legacy Ludwiczak, LLC et al | California Southern District Court | 446 | 05/31/2019 | |
| Langer, Chris (pla) | 3:2019cv00904 | Langer v. Talia et al | California Southern District Court | 446 | 05/14/2019 | 07/22/2019 |
| Langer, Chris (pla) | 3:2019cv00879 | Langer v. Spectrum Clairemont Mesa LLC et al | California Southern District Court | 446 | 05/10/2019 | |
| Langer, Chris (pla) | 3:2019cv00878 | Langer v. Murphy et al | California Southern District Court | 446 | 05/10/2019 | 10/10/2019 |
| Langer, Chris (pla) | 3:2019cv00877 | Langer v. San Diego Habitat for Humanity Inc. et al | California Southern District Court | 446 | 05/10/2019 | 09/18/2019 |
| Langer, Chris (pla) | 3:2019cv00841 | Langer v. The Entrust Group FBO Eli Ben-Moshe et al | California Southern District Court | 446 | 05/04/2019 | 11/21/2019 |
| Langer, Chris (pla) | 3:2019cv00840 | Langer v. Larsen et al | California Southern District Court | 446 | 05/04/2019 | 10/03/2019 |
| Langer, Chris (pla) | 3:2019cv00801 | Langer v. New Landmark Plaza, LLC et al | California Southern District Court | 446 | 04/30/2019 | 12/05/2019 |
| Langer, Chris (pla) | 3:2019cv00938 | Langer v. Ocean Beach Subway Inc. et al | California Southern District Court | 446 | 05/20/2019 | 09/18/2019 |
| Langer, Chris (pla) | 3:2019cv00768 | Langer v. Golden Blue Ridge Development, Inc. et al | California Southern District Court | 446 | 04/26/2019 | 08/26/2019 |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Langer, Chris (pla) | 3:2019cv00527 | Langer v. Kaylas Bella Coast LLC et al | California Southern District Court | 446 | 03/20/2019 | 07/03/2019 |
| Langer, Chris (pla) | 3:2019cv00526 | Langer v. Nguyen et al | California Southern District Court | 446 | 03/20/2019 | 06/20/2019 |
| Langer, Chris (pla) | 3:2019cv00525 | Langer v. Jadallah et al | California Southern District Court | 446 | 03/20/2019 | 06/06/2019 |
| Langer, Chris (pla) | 3:2019cv00520 | Langer v. Kalla et al | California Southern District Court | 446 | 03/19/2019 | 06/06/2019 |
| Langer, Chris (pla) | 3:2019cv00481 | Langer v. John G. Caparell, LLC et al | California Southern District Court | 446 | 03/12/2019 | 04/17/2019 |
| Langer, Chris (pla) | 3:2019cv00467 | Langer v. R.E. Hazard Contracting Company et al | California Southern District Court | 446 | 03/12/2019 | 09/17/2019 |
| Langer, Chris (pla) | 3:2019cv00396 | Langer v. HCP Medical Office Buildings II, LLC et al | California Southern District Court | 446 | 02/26/2019 | 11/21/2019 |
| Langer, Chris (pla) | 3:2019cv00312 | Langer v. City of Solana Beach et al | California Southern District Court | 446 | 02/13/2019 | 06/05/2019 |
| Langer, Chris (pla) | 3:2019cv00124 | Langer v. Holder et al | California Southern District Court | 446 | 01/18/2019 | 03/19/2019 |
| Langer, Chris (pla) | 3:2019cv00118 | Langer v. Sands 101, LLC et al | California Southern District Court | 446 | 01/17/2019 | 05/31/2019 |
| Langer, Chris (pla) | 3:2019cv00117 | Langer v. Point Loma Knights, Inc. et al | California Southern District Court | 446 | 01/17/2019 | 06/27/2019 |
| Langer, Chris (pla) | 3:2019cv00116 | Langer v. Blue Line Holding, Inc. et al | California Southern District Court | 446 | 01/17/2019 | 10/15/2019 |

**PACER Service Center**
                 **Receipt** 12/10/2019 14:53:07 924083810

| | |
|---|---|
| **User** | MicheleDobson |
| **Client Code** | |
| **Description** | All Court Types Party Search All Courts; Name Langer, Chris Exact Matches Only; All Courts; Jurisdiction CV; NOS 443, 445, 446; Page: 1; sort: Party Name, DESC |
| **Billable Pages** | 1 ($0.10) |

Exhibit J



# Party Search Results

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Nature of Suit: [443, 445, 446]; Last Name: [Handy]; First Name: [Russell]; Sort: [Party Name, Descending]
**Result Count:** 2944 (55 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Handy, Russell Clive (aty) | 5:2017cv06536 | Johnson v. Bozorghadad et al | California Northern District Court | 446 | 11/10/2017 | |
| Handy, Russell Clive (aty) | 3:2019cv06418 | Johnson v. Stonewood Group, LLC | California Northern District Court | 446 | 10/08/2019 | |
| Handy, Russell Clive (aty) | 4:2018cv04082 | Love v. Gertrude Allen Family Limited Partnership et al | California Northern District Court | 446 | 07/09/2018 | 11/25/2019 |
| Handy, Russell Clive (aty) | 3:2019cv01871 | Love v. Hassan et al | California Northern District Court | 446 | 04/08/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv03429 | Johnson v. Chao et al | California Northern District Court | 446 | 06/17/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv00061 | Johnson v. San Carlos Inn | California Northern District Court | 446 | 01/04/2019 | |
| Handy, Russell Clive (aty) | 5:2018cv07554 | Johnson v. Lucatelli et al | California Northern District Court | 446 | 12/17/2018 | 12/02/2019 |
| Handy, Russell Clive (aty) | 3:2019cv00734 | Gonzalez v. Yoo et al | California Northern District Court | 446 | 02/11/2019 | 11/26/2019 |
| Handy, Russell Clive (aty) | 5:2019cv02780 | Johnson v. Segall et al | California Northern District Court | 446 | 05/22/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv05864 | Love v. Khatri et al | California Northern District Court | 446 | 04/30/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02434 | Love v. Proietti et al | California Northern District Court | 446 | 05/04/2019 | 08/07/2019 |
| Handy, Russell Clive (aty) | 3:2019cv03431 | Johnson v. Vasquez et al | California Northern District Court | 446 | 06/17/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv02913 | Johnson v. Walton et al | California Northern District Court | 446 | 05/28/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv02673 | Johnson v. Webster et al | California Northern District Court | 446 | 05/17/2019 | |
| Handy, Russell Clive (aty) | 5:2018cv07437 | Johnson v. Tran et al | California Northern District Court | 446 | 12/11/2018 | |
| Handy, Russell Clive (aty) | 5:2018cv07209 | Johnson v. Tran et al | California Northern District Court | 446 | 11/29/2018 | |
| Handy, Russell Clive (aty) | 5:2018cv07033 | Johnson v. Thrifty Oil Co. | California Northern District Court | 446 | 11/20/2018 | 11/01/2019 |
| Handy, Russell Clive (aty) | 5:2018cv06431 | Johnson v. Vierra et al | California Northern District Court | 446 | 10/22/2018 | |
| Handy, Russell Clive (aty) | 3:2018cv05964 | Johnson v. Thrifty Oil Co. et al | California Northern District Court | 446 | 09/27/2018 | |
| Handy, Russell Clive (aty) | 4:2018cv05697 | Johnson v. Warwick California Corporation | California Northern District Court | 446 | 09/18/2018 | |
| Handy, Russell Clive (aty) | 3:2018cv04489 | Johnson v. VTC Expansion LLC et al | California Northern District Court | 446 | 07/25/2018 | |
| Handy, Russell Clive (aty) | 5:2018cv01297 | Johnson v. Tom et al | California Northern District Court | 446 | 02/28/2018 | 09/30/2019 |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Handy, Russell Clive (aty) | 4:2018cv00708 | Johnson v. Thomas et al | California Northern District Court | 446 | 02/01/2018 | |
| Handy, Russell Clive (aty) | 3:2019cv05397 | Love v. Jr., et al | California Northern District Court | 446 | 08/28/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv05394 | Love v. Vargas et al | California Northern District Court | 446 | 08/28/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04751 | Love v. Thornton Gateway Plaza, LLC, et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04707 | Love v. Fremont Petrol, Inc, | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04706 | Love v. Kardooni et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv04705 | Love v. Walia et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04704 | Love v. Fremont Retail Partners, LP et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04702 | Love v. Fremont Retail Partners, LP et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04088 | Love v. Mitchell et al | California Northern District Court | 446 | 07/17/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04064 | Love v. Mohamed et al | California Northern District Court | 446 | 07/16/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04005 | Love v. O'Reilly Auto Enterprises, LLC | California Northern District Court | 446 | 07/12/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv03240 | Love v. Truong | California Northern District Court | 446 | 06/10/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02468 | Love v. Jackl et al | California Northern District Court | 446 | 05/07/2019 | 10/15/2019 |
| Handy, Russell Clive (aty) | 3:2019cv02432 | Love v. Hom et al | California Northern District Court | 446 | 05/04/2019 | 10/11/2019 |
| Handy, Russell Clive (aty) | 3:2019cv02402 | Love v. RAJ, Inc. et al | California Northern District Court | 446 | 05/02/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02330 | Love v. MRVS Enterprises Inc. | California Northern District Court | 446 | 04/30/2019 | 10/15/2019 |
| Handy, Russell Clive (aty) | 3:2019cv02268 | Love v. Siu et al | California Northern District Court | 446 | 04/26/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02207 | Love v. Yamini et al | California Northern District Court | 446 | 04/24/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01868 | Love v. Florero et al | California Northern District Court | 446 | 04/08/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01866 | Love v. Ponce | California Northern District Court | 446 | 04/08/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01837 | Love v. Le et al | California Northern District Court | 446 | 04/05/2019 | |
| Handy, Russell Clive (aty) | 4:2019cv01675 | Love v. United Home Loan Co. | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01673 | Love v. Shraddha Hospitality LLC | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01671 | Love v. Givens et al | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01669 | Love v. Sousa-Hickory | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01543 | Love v. Shariff et al | California Northern District Court | 446 | 03/26/2019 | |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Handy, Russell Clive (aty) | 4:2019cv01528 | Love v. Kapoor et al | California Northern District Court | 446 | 03/25/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01526 | Love v. Freeman et al | California Northern District Court | 446 | 03/25/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01525 | Love v. Galvan | California Northern District Court | 446 | 03/25/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01311 | Love v. Simas C.V., LLC et al | California Northern District Court | 446 | 03/11/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01288 | Love v. Fu et al | California Northern District Court | 446 | 03/11/2019 | 11/04/2019 |

**PACER Service Center**    **Receipt** 12/10/2019 14:56:45 924084471

| | |
|---|---|
| **User** | MicheleDobson |
| **Client Code** | |
| **Description** | All Court Types Party Search |
| | All Courts; Name Handy, Russell; All Courts; Jurisdiction CV; NOS 443, 445, 446; Page: 1; sort: Party Name, DESC |
| **Billable Pages** | 1 ($0.10) |