Michele A. Dobson, (Bar No. 192349)
LAW OFFICES OF MICHELE A. DOBSON
Historic Bixby Knolls
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
T (562) 433-7718 Telephone
F (562) 433-7719 Facsimile
E longbeachesq@gmail.com
www.longbeachesq.com

## UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

| | |
|---|---|
| **BRIAN WHITAKER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**PARK & SECOND, LLC,** a California Limited Liability Company**; JOYFUL PASTA INC.,** a California Corporation; and Does 1-10,<br><br>    **Defendant(s).** | Case No:  2:19-cv-09457-PJW<br>Before Honorable Judge Otis D. Wright II<br><br>**DECLARATION OF MICHELE A. DOBSON IN COMPLIANCE WITH LOCAL RULE 7-3 IN SUPPORT OF DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6);** |

TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THE ATTORNEYS OF RECORD:

   1.  I am an attorney licensed to practice before all of the courts of the state of California and have been practicing for 23 years.  Our primary area of practice is the defense of small businesses and not for profits.  I began my career as a District Office Representative for the California Legislature, spent 3 years as an Orange County Public Defender, 5.5 years as a Senior Associate in a Professional Negligence Insurance Defense Firm and in solo practice for almost 13

DECLARATION OF MICHELE A. DOBSON IN COMPLIANCE WITH  LOCAL RULE 7-3 IN SUPPORT OF DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 1

years.  I have personal knowledge of the facts within this Declaration and if called to testify, could and would, testify to the facts of this Declaration.  I provide this declaration pursuant to penalty of perjury under the laws of the United States of America and the State of California.

2. I am retained counsel for the Responding Entities and I have familiarized myself with the corporate structure of each Entity.  In multiple cases filed by Mr. Whitaker and another Plaintiff, Chris Langer, the City of Long Beach has been geographically targeted by Potter Handy.

3. On December 3, 2019, I spoke with an Attorney named Dennis Price who represented that he was authorized to speak on behalf of the Plaintiff.  I scheduled the telephone conference to speak about the following topics:  (1) Our representation of the Above Referenced Belmont Shores Businesses, (2) Our continued representation of the Above Referenced Naples District Businesses, (3) That the Complaints served upon our clients are "cookie cutter"  our clients wanted us to pursue a finding that Plaintiffs Brian Whitaker and Chris Langer are using the federal courts to get around the high frequency enhanced filing fee in state court, (4) That our clients wanted us to pursue a finding that Plaintiffs Brian Whitaker and Chris Langer, through the Potter Handy Law Firm are abusing the ADA statutes as a means of making a living for themselves and Potter Handy Law Firm, (5) That we would present these issues for consideration to the court in the form of Motions to Dismiss on behalf of the Belmont Shore Businesses and/or seek a Ruling that this Court decline to exercise Supplemental Jurisdiction over the Unruh Claims and that the Defense would seek a Ruling on a Vexatious Litigant Motion on behalf of the Belmont Shore and Naples Businesses and (6) That in deposition Chris Langer already admitted that he never left his Van; however, his complaint includes claims regarding the interiors of the Naples District Restaurants which is odd because if he never actually went into the restaurants, how does he know

DECLARATION OF MICHELE A. DOBSON IN COMPLIANCE WITH  LOCAL RULE 7-3 IN SUPPORT OF DEFENDANT, JOYFUL PASTA, INC., NOTICE OF MOTION AND MOTION PURSUANT TO SECTION 12(B)(6) - 2

they are not compliant, (7) That common sense dictates that it is highly unlikely that Brian Whitaker, visited, or attempted to visit, 12 Belmont Shore Establishments in the month of October, 2019, and encourtered barriers, (8) That we would seek Summary Judgment for each client listed above as each is ADA compliant with CASp Certificates or CASp Certificate updates which makes Brian Whitaker and Chris Langer's allegations "moot," (9) That we believe it is a valid federal question to present to the court regarding the mass filings by Brian Whitaker (Exhibit " __H__ "), Chris Langer (Exhibit " __I__ ") and Potter Handy Law Offices (Exhibit " __J__ "); however, the conventional wisdom of the defense bar is to settle ADA claims and accept them as a cost of doing business and pray you do not get hit very often.  Therefore, as we explained to Mr. Price, Federal District Courts so not get the opportunity to address the issue of frequent filers getting around the State Court high frequency filer requirements by filing the ADA Claims, hundreds at a time, in Federal District Court.

4. Attorney Price indicated that he would seek sanctions against our Firm for seeking the Vexatious Litigant Finding as to Brian Whitaker and Chris Langer.  Attorney Price indicated that his clients are seeking to educate the City of Long Beach about ADA compliance and are not maliciously geographically targeting the City for quick settlements.  Attorney Price indicated he believed that our firm was confusing the California High Frequency Filing Requirements with the Vexatious Litigant Federal Statute.  However, Attorney Price indicated that his clients have a right to litigate these claims and they would continue to prosecute businesses that are non-compliant. In the end, there was no way to avoid this motion and Attorney Price agreed that we complied with our obligation to meet and confer with Potter Handy prior to filing the motions.

5.      We request that the court take judicial notice of the Pacer and ECF System listing of the cases filed September of 2019, through December of 2019, by Brian Whitaker, Chris Langer and their Attorneys, Potter Handy.  A true and correct copy of the filings are attached as Exhibits "__H__," " __I__ ," and " __J__ ."  Additionally, a true and correct copy of each of our clients' Brian Whitaker Complaints are attached as Exhibits " __A__ " through " __G__ " and the defense respectfully requests that this court take judicial notice of the Complaints attached as Exhibits " __A__ " through " __G__ ."

9.      On behalf of our clients, we respectfully request that this court accept Defense Counsel's attempt to comply with Rule 7-3.

DATED:  November 30, 2019          LAW OFFICES OF MICHELE A. DOBSON

_____
MICHELE A. DOBSON
Attorney at Law

# Exhibit A

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **LSB Property Management, LLC,** a California Limited Liability Company; **Shore Restaurant Group, LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of LSB Property Management, LLC, a California Limited Liability Company; Shore Restaurant Group, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

1

Complaint

2. Defendant LSB Property Management, LLC owned the real property located at or about 5236 E. 2nd Street, Long Beach, California, in October 2019.

3. Defendant LSB Property Management, LLC owns the real property located at or about 5236 E. 2nd Street, Long Beach, California, currently.

4. Defendant Shore Restaurant Group, LLC owned Legends Restaurant & Sports Bar located at or about 5236 E. 2nd Street, Long Beach, California, in October 2019.

5. Defendant Shore Restaurant Group, LLC owns Legends Restaurant & Sports Bar ("Legends") located at or about 5236 E. 2nd Street, Long Beach, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Legends in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. Legends is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. Plaintiff personally encountered these barriers.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible paths of travel in the patio area.

18. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

19. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with

3

Complaint

disabilities.

20. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

21. Plaintiff will return to Legends to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Legends and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

22. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

23. Plaintiff re-pleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

24. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

25. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

26. Here, accessible dining surfaces have not been provided.

27. When a business provides paths of travel, it must provide accessible

Complaint

paths of travel.

28. Here, accessible paths of travel have not been provided.

29. When a business provides facilities such as restrooms, it must provide accessible restrooms.

30. Here, accessible restrooms have not been provided.

31. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

35. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

36. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

Complaint

rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 6, 2019          CENTER FOR DISABILITY ACCESS

                                 By: _____

                                 _____
                                 Russell Handy, Esq.
                                 Attorney for plaintiff

Complaint

# Exhibit B

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Ij Lee, Inc.,** a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Ij Lee, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Ij Lee, Inc. owned Sushi Ai located at or about 5260 E. 2nd Street, Long Beach, California, in October 2019.

3. Defendant Ij Lee, Inc. owns Sushi Ai ("Restaurant") located at or about 5260 E. 2nd Street, Long Beach, California, currently.

1

Complaint

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8. Plaintiff went to the Restaurant in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

9. The Restaurant is a facility open to the public, a place of public

2

accommodation, and a business establishment.

10. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

11. On information and belief, the defendants currently fail to provide accessible dining surfaces.

12. Plaintiff personally encountered these barriers.

13. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible sales counters.

16. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and

3

Complaint

his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

4

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

26. Here, accessible sales or transaction counters have not been provided.

27. When a business provides facilities such as restrooms, it must provide accessible restrooms.

28. Here, accessible restrooms have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

Complaint

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 5, 2019      CENTER FOR DISABILITY ACCESS

By: _____

      Russell Handy, Esq.
      Attorney for plaintiff

7

# Exhibit C

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **RCP Belmont Shore LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of RCP Belmont Shore LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant RCP Belmont Shore LLC owned Rance's Chicago Pizza located at or about 5258 E. 2nd Street, Long Beach, California, in October 2019.

1

Complaint

3.   Defendant RCP Belmont Shore LLC owns Rance's Chicago Pizza ("Restaurant") located at or about 5258 E. 2nd Street, Long Beach, California, currently.

4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.   Plaintiff went to the Restaurant in October 2019 with the intention to

Complaint

1  avail himself of its goods, motivated in part to determine if the defendants
2  comply with the disability access laws.

3     9.  The Restaurant is a facility open to the public, a place of public
4  accommodation, and a business establishment.

5     10. Unfortunately, on the date of the plaintiff's visit, the defendants failed
6  to provide accessible dining surfaces.

7     11. On information and belief, the defendants currently fail to provide
8  accessible dining surfaces.

9     12. Plaintiff personally encountered these barriers.

10    13. By failing to provide accessible facilities, the defendants denied the
11  plaintiff full and equal access.

12    14. The failure to provide accessible facilities created difficulty and
13  discomfort for the Plaintiff.

14    15. Even though the plaintiff did not confront the following barriers, on
15  information and belief the defendants currently fail to provide accessible sales
16  counters.

17    16. Additionally, on information and belief the defendants currently fail to
18  provide accessible restrooms.

19    17. The defendants have failed to maintain in working and useable
20  conditions those features required to provide ready access to persons with
21  disabilities.

22    18. The barriers identified above are easily removed without much
23  difficulty or expense. They are the types of barriers identified by the
24  Department of Justice as presumably readily achievable to remove and, in fact,
25  these barriers are readily achievable to remove. Moreover, there are numerous
26  alternative accommodations that could be made to provide a greater level of
27  access if complete removal were not achievable.

28    19. Plaintiff will return to the Restaurant to avail himself of its goods and to

Complaint

determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices,

4

Complaint

or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

26. Here, accessible sales or transaction counters have not been provided.

27. When a business provides facilities such as restrooms, it must provide accessible restrooms.

28. Here, accessible restrooms have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

Complaint

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 5, 2019          CENTER FOR DISABILITY ACCESS

By: _____
                    Russell Handy, Esq.
                    Attorney for plaintiff

Complaint

# Exhibit D

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Park & Second, LLC,** a California Limited Liability Company; **Joyful Pasta Inc.**, a California Corporation; and Does 1-10,<br><br>        Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Brian Whitaker complains of Park & Second, LLC, a California Limited Liability Company; Joyful Pasta Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Park & Second, LLC owned the real property located at or about 4716 E. 2nd Street, Long Beach, California, in October 2019.

1

Complaint

3. Defendant Park & Second, LLC owns the real property located at or about 4716 E. 2nd Street, Long Beach, California, currently.

4. Defendant Joyful Pasta Inc. owned La Strada located at or about 4716 E. 2nd Street, Long Beach, California, in October 2019.

5. Defendant Joyful Pasta Inc. owns La Strada ("Restaurant") located at or about 4716 E. 2nd Street, Long Beach, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. Plaintiff personally encountered these barriers.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. Even though the plaintiff did not confront the barrier, on information and belief the defendants currently fail to provide accessible restrooms.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

20. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to

Complaint

him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

21. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

4

Complaint

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

25. Here, accessible dining surfaces have not been provided.

26. When a business provides facilities such as restrooms, it must provide accessible restrooms.

27. Here, accessible restrooms have not been provided.

28. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that the accessible facilities were available

5

Complaint

and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

32. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

33. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

34. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6

Complaint

plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 1, 2019         CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

Complaint

Exhibit E

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **PLH Holdings LLC**, a California Limited Liability Company; **Pietris Bakery USA, Inc.**, a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of PLH Holdings LLC, a California Limited Liability Company; Pietris Bakery USA, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant PLH Holdings LLC owned the real property located at or about 5000 E. 2nd Street, Long Beach, California, in October 2019.

Complaint

3.  Defendant PLH Holdings LLC owns the real property located at or about 5000 E. 2nd Street, Long Beach, California, currently.

4.  Defendant Pietris Bakery USA, Inc. owned Pietris Bakery located at or about 5000 E. 2nd Street, Long Beach, California, in October 2019.

5.  Defendant Pietris Bakery USA, Inc. owns Pietris Bakery ("Bakery") located at or about 5000 E. 2nd Street, Long Beach, California, currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Bakery in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Bakery is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. This barrier relates to and impacts the plaintiff's disability. Plaintiff personally encountered this barrier.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. Even though the plaintiff did not confront the barrier, on information and belief the defendants currently fail to provide accessible restrooms. Plaintiff seeks to have these barriers removed as they relate to and impact his disability.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous

Complaint

alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

20. Plaintiff will return to the Bakery to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Bakery and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

21. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

4

Complaint

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

25. Here, accessible dining surfaces have not been provided.

26. When a business provides facilities such as restrooms, it must provide accessible restrooms.

27. Here, accessible restrooms have not been provided.

28. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

Complaint

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

32. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

33. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

34. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

6

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 19, 2019    CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

Complaint

# Exhibit F

1  CENTER FOR DISABILITY ACCESS
   Ray Ballister Jr., Esq., SBN 111282
2  Phyl Grace, Esq., SBN 171771
   Russell Handy, Esq., SBN 195058
3  Dennis Price, Esq., SBN 279082
   Mail: 8033 Linda Vista Road, Suite 200
4  San Diego, CA 92111
   (858) 375-7385; (888) 422-5191 fax
5  phylg@potterhandy.com

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 **Brian Whitaker**,                    Case No.

12        Plaintiff,
                                          **Complaint For Damages And
13    v.                                  Injunctive Relief For Violations
                                          Of:** American's With Disabilities
14 **5018 E2 LLC,** a California Limited   Act; Unruh Civil Rights Act
   Liability Company;
15 **Irene and Nick, LLC,** a California
   Limited Liability Company; and
16 Does 1-10,

17        Defendants.

18

19     Plaintiff Brian Whitaker complains of 5018 E2 LLC, a California

20 Limited Liability Company; Irene and Nick, LLC, a California Limited

21 Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

22

23  **PARTIES:**

24  1.  Plaintiff is a California resident with physical disabilities. He is

25 substantially limited in his ability to walk. He suffers from a C-4 spinal cord

26 injury. He is a quadriplegic. He uses a wheelchair for mobility.

27  2.  Defendant 5018 E2 LLC owned the real property located at or about

28 5040 E. 2nd Street, Long Beach, California, in October 2019.

                                     1

Complaint

3.   Defendant 5018 E2 LLC owns the real property located at or about 5040 E. 2nd Street, Long Beach, California, currently.

4.   Defendant Irene and Nick, LLC owned Poke Pola located at or about 5040 E. 2nd Street, Long Beach, California, in October 2019.

5.   Defendant Irene and Nick, LLC owns Poke Pola ("Restaurant") located at or about 5040 E. 2nd Street, Long Beach, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

2

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

13. On information and belief, the defendants currently fail to provide accessible dining surfaces.

14. Plaintiff personally encountered these barriers.

15. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and

Complaint

his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

       a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

4

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

26. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

27. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

29. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

30. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

31. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: October 31, 2019          CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

7

Complaint

Exhibit G

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Panama Joes Investors LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Panama Joes Investors LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Panama Joes Investors LLC owned Panama Joe's located at or about 5100 E. 2nd Street, Long Beach, California, in October 2019.

3. Defendant Panama Joes Investors LLC owns Panama Joe's located at or

1

1   about 5100 E. 2nd Street, Long Beach, California, currently.

2   4.   Plaintiff does not know the true names of Defendants, their business

3   capacities, their ownership connection to the property and business, or their

4   relative responsibilities in causing the access violations herein complained of,

5   and alleges a joint venture and common enterprise by all such Defendants.

6   Plaintiff is informed and believes that each of the Defendants herein,

7   including Does 1 through 10, inclusive, is responsible in some capacity for the

8   events herein alleged, or is a necessary party for obtaining appropriate relief.

9   Plaintiff will seek leave to amend when the true names, capacities,

10  connections, and responsibilities of the Defendants and Does 1 through 10,

11  inclusive, are ascertained.

13  **JURISDICTION & VENUE:**

14  5.   The Court has subject matter jurisdiction over the action pursuant to 28

15  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

16  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

17  6.   Pursuant to supplemental jurisdiction, an attendant and related cause

18  of action, arising from the same nucleus of operative facts and arising out of

19  the same transactions, is also brought under California's Unruh Civil Rights

20  Act, which act expressly incorporates the Americans with Disabilities Act.

21  7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

22  founded on the fact that the real property which is the subject of this action is

23  located in this district and that Plaintiff's cause of action arose in this district.

25  **FACTUAL ALLEGATIONS:**

26  8.   Plaintiff went to Panama Joe's in October 2019 with the intention to

27  avail himself of its goods, motivated in part to determine if the defendants

28  comply with the disability access laws.

Complaint

9.  Panama Joe's is a facility open to the public, a place of public accommodation, and a business establishment.

10. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

11. On information and belief, the defendants currently fail to provide accessible dining surfaces.

12. Plaintiff personally encountered these barriers.

13. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Even though the plaintiff did not confront the following barriers, on information and belief the defendants currently fail to provide accessible paths of travel in the patio area.

16. Additionally, on information and belief the defendants currently fail to provide accessible restrooms.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff will return to Panama Joe's to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Panama Joe's and its facilities are accessible. Plaintiff is currently

Complaint

deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

Complaint

accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

24. Here, accessible dining surfaces have not been provided.

25. When a business provides paths of travel, it must provide accessible paths of travel.

26. Here, accessible paths of travel have not been provided.

27. When a business provides facilities such as restrooms, it must provide accessible restrooms.

28. Here, accessible restrooms have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily

Complaint

accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

6

Complaint

1    **PRAYER**:

2         Wherefore, Plaintiff prays that this Court award damages and provide

3    relief as follows:

4         1. For injunctive relief, compelling Defendants to comply with the

5    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6    plaintiff is not invoking section 55 of the California Civil Code and is not

7    seeking injunctive relief under the Disabled Persons Act at all.

8         2. Damages under the Unruh Civil Rights Act, which provides for actual

9    damages and a statutory minimum of $4,000 for each offense.

10        3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

11   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

12
13   Dated: November 11, 2019      CENTER FOR DISABILITY ACCESS

14
15                                By:
16                                      _____
17                                      Russell Handy, Esq.
                                        Attorney for plaintiff
18
19
20
21
22
23
24
25
26
27
28

---

7

Complaint

Exhibit H



# Party Search Results

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Last Name: [Whitaker]; First Name: [Brian]; Party Role: [PLA]; Sort: [Party Name, Descending]
**Result Count:** 768 (15 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Whitaker,, Brian (pla) | 2:2019cv06088 | Brian Whitaker, v. Say s Investment, LLC, et al | California Central District Court | 446 | 07/16/2019 | |
| Whitaker,, Brian (pla) | 2:2019cv04341 | Brian Whitaker, v. Marylee C. Reeder et al | California Central District Court | 446 | 05/20/2019 | |
| WHITAKER, BRIAN G. (pla) | 1:2016cv00383 | WHITAKER v. USA | U.S. Court of Federal Claims | 352 | 03/25/2016 | 08/31/2018 |
| Whitaker, Brian (pla) | 4:1994cv01020 | Whitaker v. Carbone | Texas Southern District Court | 550 | 03/29/1994 | 10/31/1995 |
| WHITAKER, BRIAN (pla) | 1:2002cv04520 | BLUE, et al v. FORD MOTOR COMPANY | New Jersey District Court | 380 | 09/18/2002 | 06/16/2004 |
| Whitaker, Brian (pla) | 3:2011cv00647 | MURRAY v. GERDAU AMERISTEEL CORP. et al | New Jersey District Court | 710 | 02/04/2011 | 08/26/2013 |
| Whitaker, Brian (pla) | 3:2011cv00132 | Whitaker et al v. Waste Management of Kentucky Holdings, Inc. et al | Kentucky Western District Court | 442 | 03/03/2011 | 03/15/2012 |
| Whitaker, Brian (pla) | 6:2011cv00092 | Whitaker v. Stewart et al | Kentucky Eastern District Court | 350 | 03/24/2011 | 12/16/2011 |
| Whitaker, Brian (pla) | 3:2019cv01364 | Whitaker v. Macy's West Stores, Inc. et al | California Southern District Court | 446 | 07/23/2019 | 10/16/2019 |
| Whitaker, Brian (pla) | 3:2019cv01299 | Whitaker v. S.F. Partners et al | California Southern District Court | 446 | 07/14/2019 | |
| Whitaker, Brian (pla) | 3:2019cv01217 | Whitaker v. UTC Venture LLC et al | California Southern District Court | 446 | 06/30/2019 | |
| Whitaker, Brian (pla) | 3:2019cv01216 | Whitaker v. SI UTC Property Owner, LLC et al | California Southern District Court | 446 | 06/30/2019 | 08/26/2019 |
| Whitaker, Brian (pla) | 3:2019cv01194 | Whitaker v. Johnny Was, LLC et al | California Southern District Court | 446 | 06/26/2019 | 11/13/2019 |
| Whitaker, Brian (pla) | 3:2019cv01193 | Whitaker v. Tesla Motors, Inc. et al | California Southern District Court | 446 | 06/26/2019 | |
| Whitaker, Brian (pla) | 3:2019cv07183 | Whitaker v. Ohanessian et al | California Northern District Court | 446 | 10/31/2019 | |
| Whitaker, Brian (pla) | 4:2019cv07182 | Whitaker v. Starbucks Corporation et al | California Northern District Court | 446 | 10/31/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06707 | Whitaker v. Cebon Green Papaya Restaurant, Inc. | California Northern District Court | 446 | 10/18/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06703 | Whitaker v. 45 Belden Place, LLC et al | California Northern District Court | 446 | 10/18/2019 | |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Whitaker, Brian (pla) | 3:2019cv06543 | Whitaker v. Sharratt Endeavors, Inc. et al | California Northern District Court | 446 | 10/11/2019 | 12/02/2019 |
| Whitaker, Brian (pla) | 3:2019cv06542 | Whitaker v. Kearny SF I-Tea LLC et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06540 | Whitaker v. SML L&L Corp. et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06539 | Whitaker v. Panco Development, Inc. et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06538 | Whitaker v. Steiner et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06537 | Whitaker v. Emporio Rulli II Caffe at Union Square, Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06536 | Whitaker v. Phonamenon Management Group, LLC et al | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06535 | Whitaker v. Split Bread, Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06534 | Whitaker v. Working Girls' Cafe', Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06533 | Whitaker v. Icicles Creamrolls, Inc. | California Northern District Court | 446 | 10/11/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06514 | Whitaker v. Oakwood Hotel LLC et al | California Northern District Court | 446 | 10/10/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06512 | Whitaker v. Panco Development, Inc. et al | California Northern District Court | 446 | 10/10/2019 | |
| Whitaker, Brian (pla) | 3:2019cv06510 | Whitaker v. 11 Belden Place LLC et al | California Northern District Court | 446 | 10/10/2019 | |
| Whitaker, Brian (pla) | 4:2019cv06477 | Whitaker v. Zara USA, Inc. et al | California Northern District Court | 446 | 10/09/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10400 | Whitaker v. Moradzadeh et al | California Central District Court | 446 | 12/09/2019 | |
| Whitaker, Brian (pla) | 2:2019cv08357 | Brian Whitaker v. Tomas Martinez et al | California Central District Court | 446 | 09/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv08356 | Brian Whitaker v. Roast To Go Corporation et al | California Central District Court | 446 | 09/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10140 | Brian Whitaker v. The Gross Family Limited Partnership et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10130 | Brian Whitaker v. The Viole Family LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10129 | Brian Whitaker v. Jaber Original Holdings III, LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10128 | Brian Whitaker v. Hard Four Eatery, Inc et al | California Central District Court | 446 | 11/27/2019 | |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Whitaker, Brian (pla) | 2:2019cv10127 | Brian Whitaker v. Beverly Falafel, Inc et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10126 | Brian Whitaker v. Matt Hyuk Min Kim et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10125 | Brian Whitaker v. Marclon LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10124 | Brian Whitaker v. Lady M West Third, LLC et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10123 | Brian Whitaker v. La Goccia, Inc. et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10122 | Brian Whitaker v. Nespresso USA, Inc. et al | California Central District Court | 446 | 11/27/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02292 | Brian Whitaker v. Travismathew, LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02291 | Brian Whitaker v. Pain Du Monde, Inc. et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02290 | Brian Whitaker v. Yard House USA, Inc. et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02289 | Brian Whitaker v. Bloomingdales, Inc., et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 8:2019cv02288 | Brian Whitaker v. PQ Newport Beach Bakery, Inc. et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10086 | Brian Whitaker v. Blushington Brentwood LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10085 | Brian Whitaker v. Voluspa Retail, LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10082 | Brian Whitaker v. VRS Properties, LLC et al | California Central District Court | 446 | 11/26/2019 | |
| Whitaker, Brian (pla) | 2:2019cv10081 | Brian Whitaker v. Joes Pizza On Sunset, LLC et al | California Central District Court | 446 | 11/26/2019 | |

**PACER Service Center**

                      **Receipt** 12/10/2019 14:02:17 924076881

| | |
|---|---|
| **User** | MicheleDobson |
| **Client Code** | |
| **Description** | Civil Party Search |
| | All Courts; Name Whitaker, Brian; Jurisdiction CV; Role pla; All Courts; Page: 1; sort: Party Name, DESC |
| **Billable Pages** | 1 ($0.10) |

Exhibit I



# Party Search Results

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Nature of Suit: [443, 445, 446]; Last Name: [Langer]; First Name: [Chris]; Exact Matches Only; Sort: [Party Name, Descending]
**Result Count:** 1279 (24 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Langer, Chris (pla) | 3:2019cv02146 | Langer v. Wolpe et al | California Southern District Court | 446 | 11/08/2019 | |
| Langer, Chris (pla) | 3:2019cv02128 | Langer v. Small Properties, LLC et al | California Southern District Court | 446 | 11/05/2019 | |
| Langer, Chris (pla) | 3:2019cv01994 | Langer v. Carlsbad Strawberry Company, Inc. et al | California Southern District Court | 446 | 10/15/2019 | |
| Langer, Chris (pla) | 3:2019cv01890 | Langer v. Pacifica Enterprises, Inc. et al | California Southern District Court | 446 | 09/30/2019 | |
| Langer, Chris (pla) | 3:2019cv01839 | Langer v. Otay Mesa Property L.P. et al | California Southern District Court | 446 | 09/25/2019 | |
| Langer, Chris (pla) | 3:2019cv01838 | Langer v. Harris et al | California Southern District Court | 446 | 09/25/2019 | |
| Langer, Chris (pla) | 3:2019cv01823 | Langer v. Neenah Properties, LLC et al | California Southern District Court | 446 | 09/23/2019 | |
| Langer, Chris (pla) | 3:2019cv01791 | Langer v. Park et al | California Southern District Court | 446 | 09/17/2019 | |
| Langer, Chris (pla) | 3:2019cv01790 | Langer v. 6830 La Jolla Blvd., LLC et al | California Southern District Court | 446 | 09/17/2019 | |
| Langer, Chris (pla) | 3:2019cv01789 | Langer v. Eischen et al | California Southern District Court | 446 | 09/17/2019 | 10/23/2019 |
| Langer, Chris (pla) | 3:2019cv01619 | Langer v. De Maria et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01618 | Langer v. Two Plus Five Family Parternship et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01617 | Langer v. Cardosa et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01612 | Langer v. Snug Harbor Enterprises LLC et al | California Southern District Court | 446 | 08/27/2019 | |
| Langer, Chris (pla) | 3:2019cv01880 | Langer v. Hktopway, LLC et al | California Southern District Court | 446 | 09/30/2019 | |
| Langer, Chris (pla) | 3:2019cv01879 | Langer v. Deddeh et al | California Southern District Court | 446 | 09/30/2019 | |
| Langer, Chris (pla) | 3:2019cv01469 | Langer v. Rosecrans Canon, LLC et al | California Southern District Court | 446 | 08/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01467 | Langer v. Neglia et al | California Southern District Court | 446 | 08/06/2019 | 11/25/2019 |
| Langer, Chris (pla) | 3:2019cv01425 | Langer v. Kushnir et al | California Southern District Court | 446 | 07/28/2019 | |
| Langer, Chris (pla) | 3:2019cv01422 | Langer v. Cricks et al | California Southern District Court | 446 | 07/30/2019 | 11/18/2019 |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Langer, Chris (pla) | 3:2019cv01412 | Langer v. D & D Company Properties, LLC et al | California Southern District Court | 446 | 07/29/2019 | 12/09/2019 |
| Langer, Chris (pla) | 3:2019cv01409 | Langer v. Petras et al | California Southern District Court | 446 | 07/28/2019 | 07/30/2019 |
| Langer, Chris (pla) | 3:2019cv01408 | Langer v. Petras et al | California Southern District Court | 446 | 07/28/2019 | |
| Langer, Chris (pla) | 3:2019cv01407 | Langer v. Arizala et al | California Southern District Court | 446 | 07/28/2019 | |
| Langer, Chris (pla) | 3:2019cv01406 | Langer v. 3328 Main, LLC et al | California Southern District Court | 446 | 07/28/2019 | 10/31/2019 |
| Langer, Chris (pla) | 3:2019cv01201 | Langer v. Thomas et al | California Southern District Court | 446 | 06/27/2019 | 09/16/2019 |
| Langer, Chris (pla) | 3:2019cv01167 | Langer v. Hodge et al | California Southern District Court | 446 | 06/20/2019 | |
| Langer, Chris (pla) | 3:2019cv01166 | Langer v. Vargas et al | California Southern District Court | 446 | 06/20/2019 | |
| Langer, Chris (pla) | 3:2019cv01165 | Langer v. Zagami et al | California Southern District Court | 446 | 06/20/2019 | |
| Langer, Chris (pla) | 3:2019cv01061 | Langer v. FNB Land Enterprises, LLC et al | California Southern District Court | 446 | 06/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01058 | Langer v. Four Stars Enterprise Inc et al | California Southern District Court | 446 | 06/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01057 | Langer v. JJ San Diego LLC et al | California Southern District Court | 446 | 06/06/2019 | |
| Langer, Chris (pla) | 3:2019cv01016 | Langer v. Legacy Ludwiczak, LLC et al | California Southern District Court | 446 | 05/31/2019 | |
| Langer, Chris (pla) | 3:2019cv00904 | Langer v. Talia et al | California Southern District Court | 446 | 05/14/2019 | 07/22/2019 |
| Langer, Chris (pla) | 3:2019cv00879 | Langer v. Spectrum Clairemont Mesa LLC et al | California Southern District Court | 446 | 05/10/2019 | |
| Langer, Chris (pla) | 3:2019cv00878 | Langer v. Murphy et al | California Southern District Court | 446 | 05/10/2019 | 10/10/2019 |
| Langer, Chris (pla) | 3:2019cv00877 | Langer v. San Diego Habitat for Humanity Inc. et al | California Southern District Court | 446 | 05/10/2019 | 09/18/2019 |
| Langer, Chris (pla) | 3:2019cv00841 | Langer v. The Entrust Group FBO Eli Ben-Moshe et al | California Southern District Court | 446 | 05/04/2019 | 11/21/2019 |
| Langer, Chris (pla) | 3:2019cv00840 | Langer v. Larsen et al | California Southern District Court | 446 | 05/04/2019 | 10/03/2019 |
| Langer, Chris (pla) | 3:2019cv00801 | Langer v. New Landmark Plaza, LLC et al | California Southern District Court | 446 | 04/30/2019 | 12/05/2019 |
| Langer, Chris (pla) | 3:2019cv00938 | Langer v. Ocean Beach Subway Inc. et al | California Southern District Court | 446 | 05/20/2019 | 09/18/2019 |
| Langer, Chris (pla) | 3:2019cv00768 | Langer v. Golden Blue Ridge Development, Inc. et al | California Southern District Court | 446 | 04/26/2019 | 08/26/2019 |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Langer, Chris (pla) | 3:2019cv00527 | Langer v. Kaylas Bella Coast LLC et al | California Southern District Court | 446 | 03/20/2019 | 07/03/2019 |
| Langer, Chris (pla) | 3:2019cv00526 | Langer v. Nguyen et al | California Southern District Court | 446 | 03/20/2019 | 06/20/2019 |
| Langer, Chris (pla) | 3:2019cv00525 | Langer v. Jadallah et al | California Southern District Court | 446 | 03/20/2019 | 06/06/2019 |
| Langer, Chris (pla) | 3:2019cv00520 | Langer v. Kalla et al | California Southern District Court | 446 | 03/19/2019 | 06/06/2019 |
| Langer, Chris (pla) | 3:2019cv00481 | Langer v. John G. Caparell, LLC et al | California Southern District Court | 446 | 03/12/2019 | 04/17/2019 |
| Langer, Chris (pla) | 3:2019cv00467 | Langer v. R.E. Hazard Contracting Company et al | California Southern District Court | 446 | 03/12/2019 | 09/17/2019 |
| Langer, Chris (pla) | 3:2019cv00396 | Langer v. HCP Medical Office Buildings II, LLC et al | California Southern District Court | 446 | 02/26/2019 | 11/21/2019 |
| Langer, Chris (pla) | 3:2019cv00312 | Langer v. City of Solana Beach et al | California Southern District Court | 446 | 02/13/2019 | 06/05/2019 |
| Langer, Chris (pla) | 3:2019cv00124 | Langer v. Holder et al | California Southern District Court | 446 | 01/18/2019 | 03/19/2019 |
| Langer, Chris (pla) | 3:2019cv00118 | Langer v. Sands 101, LLC et al | California Southern District Court | 446 | 01/17/2019 | 05/31/2019 |
| Langer, Chris (pla) | 3:2019cv00117 | Langer v. Point Loma Knights, Inc. et al | California Southern District Court | 446 | 01/17/2019 | 06/27/2019 |
| Langer, Chris (pla) | 3:2019cv00116 | Langer v. Blue Line Holding, Inc. et al | California Southern District Court | 446 | 01/17/2019 | 10/15/2019 |

**PACER Service Center**
    **Receipt** 12/10/2019 14:53:07 924083810

| | |
|---|---|
| **User** | MicheleDobson |
| **Client Code** | |
| **Description** | All Court Types Party Search All Courts; Name Langer, Chris Exact Matches Only; All Courts; Jurisdiction CV; NOS 443, 445, 446; Page: 1; sort: Party Name, DESC |
| **Billable Pages** | 1 ($0.10) |

Exhibit J



# Party Search Results

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Nature of Suit: [443, 445, 446]; Last Name: [Handy]; First Name: [Russell]; Sort: [Party Name, Descending]
**Result Count:** 2944 (55 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Handy, Russell Clive (aty) | 5:2017cv06536 | Johnson v. Bozorghadad et al | California Northern District Court | 446 | 11/10/2017 | |
| Handy, Russell Clive (aty) | 3:2019cv06418 | Johnson v. Stonewood Group, LLC | California Northern District Court | 446 | 10/08/2019 | |
| Handy, Russell Clive (aty) | 4:2018cv04082 | Love v. Gertrude Allen Family Limited Partnership et al | California Northern District Court | 446 | 07/09/2018 | 11/25/2019 |
| Handy, Russell Clive (aty) | 3:2019cv01871 | Love v. Hassan et al | California Northern District Court | 446 | 04/08/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv03429 | Johnson v. Chao et al | California Northern District Court | 446 | 06/17/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv00061 | Johnson v. San Carlos Inn | California Northern District Court | 446 | 01/04/2019 | |
| Handy, Russell Clive (aty) | 5:2018cv07554 | Johnson v. Lucatelli et al | California Northern District Court | 446 | 12/17/2018 | 12/02/2019 |
| Handy, Russell Clive (aty) | 3:2019cv00734 | Gonzalez v. Yoo et al | California Northern District Court | 446 | 02/11/2019 | 11/26/2019 |
| Handy, Russell Clive (aty) | 5:2019cv02780 | Johnson v. Segall et al | California Northern District Court | 446 | 05/22/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv05864 | Love v. Khatri et al | California Northern District Court | 446 | 04/30/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02434 | Love v. Proietti et al | California Northern District Court | 446 | 05/04/2019 | 08/07/2019 |
| Handy, Russell Clive (aty) | 3:2019cv03431 | Johnson v. Vasquez et al | California Northern District Court | 446 | 06/17/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv02913 | Johnson v. Walton et al | California Northern District Court | 446 | 05/28/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv02673 | Johnson v. Webster et al | California Northern District Court | 446 | 05/17/2019 | |
| Handy, Russell Clive (aty) | 5:2018cv07437 | Johnson v. Tran et al | California Northern District Court | 446 | 12/11/2018 | |
| Handy, Russell Clive (aty) | 5:2018cv07209 | Johnson v. Tran et al | California Northern District Court | 446 | 11/29/2018 | |
| Handy, Russell Clive (aty) | 5:2018cv07033 | Johnson v. Thrifty Oil Co. | California Northern District Court | 446 | 11/20/2018 | 11/01/2019 |
| Handy, Russell Clive (aty) | 5:2018cv06431 | Johnson v. Vierra et al | California Northern District Court | 446 | 10/22/2018 | |
| Handy, Russell Clive (aty) | 3:2018cv05964 | Johnson v. Thrifty Oil Co. et al | California Northern District Court | 446 | 09/27/2018 | |
| Handy, Russell Clive (aty) | 4:2018cv05697 | Johnson v. Warwick California Corporation | California Northern District Court | 446 | 09/18/2018 | |
| Handy, Russell Clive (aty) | 3:2018cv04489 | Johnson v. VTC Expansion LLC et al | California Northern District Court | 446 | 07/25/2018 | |
| Handy, Russell Clive (aty) | 5:2018cv01297 | Johnson v. Tom et al | California Northern District Court | 446 | 02/28/2018 | 09/30/2018 |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Handy, Russell Clive (aty) | 4:2018cv00708 | Johnson v. Thomas et al | California Northern District Court | 446 | 02/01/2018 | |
| Handy, Russell Clive (aty) | 3:2019cv05397 | Love v. Jr., et al | California Northern District Court | 446 | 08/28/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv05394 | Love v. Vargas et al | California Northern District Court | 446 | 08/28/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04751 | Love v. Thornton Gateway Plaza, LLC, et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04707 | Love v. Fremont Petrol, Inc, | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04706 | Love v. Kardooni et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 5:2019cv04705 | Love v. Walia et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04704 | Love v. Fremont Retail Partners, LP et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04702 | Love v. Fremont Retail Partners, LP et al | California Northern District Court | 446 | 08/13/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04088 | Love v. Mitchell et al | California Northern District Court | 446 | 07/17/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04064 | Love v. Mohamed et al | California Northern District Court | 446 | 07/16/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv04005 | Love v. O'Reilly Auto Enterprises, LLC | California Northern District Court | 446 | 07/12/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv03240 | Love v. Truong | California Northern District Court | 446 | 06/10/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02468 | Love v. Jackl et al | California Northern District Court | 446 | 05/07/2019 | 10/15/2019 |
| Handy, Russell Clive (aty) | 3:2019cv02432 | Love v. Hom et al | California Northern District Court | 446 | 05/04/2019 | 10/11/2019 |
| Handy, Russell Clive (aty) | 3:2019cv02402 | Love v. RAJ, Inc. et al | California Northern District Court | 446 | 05/02/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02330 | Love v. MRVS Enterprises Inc. | California Northern District Court | 446 | 04/30/2019 | 10/15/2019 |
| Handy, Russell Clive (aty) | 3:2019cv02268 | Love v. Siu et al | California Northern District Court | 446 | 04/26/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv02207 | Love v. Yamini et al | California Northern District Court | 446 | 04/24/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01868 | Love v. Florero et al | California Northern District Court | 446 | 04/08/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01866 | Love v. Ponce | California Northern District Court | 446 | 04/08/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01837 | Love v. Le et al | California Northern District Court | 446 | 04/05/2019 | |
| Handy, Russell Clive (aty) | 4:2019cv01675 | Love v. United Home Loan Co. | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01673 | Love v. Shraddha Hospitality LLC | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01671 | Love v. Givens et al | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01669 | Love v. Sousa-Hickory | California Northern District Court | 446 | 03/31/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01543 | Love v. Shariff et al | California Northern District Court | 446 | 03/26/2019 | |

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Handy, Russell Clive (aty) | 4:2019cv01528 | Love v. Kapoor et al | California Northern District Court | 446 | 03/25/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01526 | Love v. Freeman et al | California Northern District Court | 446 | 03/25/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01525 | Love v. Galvan | California Northern District Court | 446 | 03/25/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01311 | Love v. Simas C.V., LLC et al | California Northern District Court | 446 | 03/11/2019 | |
| Handy, Russell Clive (aty) | 3:2019cv01288 | Love v. Fu et al | California Northern District Court | 446 | 03/11/2019 | 11/04/2019 |

| **PACER Service Center** | | |
|---|---|
| | **Receipt** 12/10/2019 14:56:45 924084471 |
| **User** | MicheleDobson |
| **Client Code** | |
| **Description** | All Court Types Party Search All Courts; Name Handy, Russell; All Courts; Jurisdiction CV; NOS 443, 445, 446; Page: 1; sort: Party Name, DESC |
| **Billable Pages** | 1 ($0.10) |