CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

Michele A. Dobson, (Bar No. 192349)
LAW OFFICES OF MICHELE A. DOBSON
Historic Bixby Knolls
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
T (562) 433-7718 Telephone
F (562) 433-7719 Facsimile
E longbeachesq@gmail.com
www.longbeachesq.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker,** | Case No. 2:19-cv-09457-JAK-AS |
| Plaintiff, | |
| v. | **Joint Rule 26(f) Report** |
| **Park & Second, LLC**, a California Limited Liability Company; **Joyful Pasta Inc**., a California Corporation; and Does 1-10, | Honorable Judge John A. Kronstadt |
| Defendants | |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Rule 16(B)/26(F) Scheduling Conference filed December 17, 2019, the parties hereby submit the following proposed Joint Report.

### a) Statement of the Case

<u>Plaintiff</u>: Brian Whitaker suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility. Defendant Park & Second, LLC owns the real property located at or about 4716 E. 2nd Street, Long Beach, California. Defendant Joyful Pasta Inc. owns La Strada ("Restaurant") located at or about 4716 E. 2nd Street, Long Beach, California.

On the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces. Even though the plaintiff did not confront the barrier, the defendants fail to provide accessible restrooms.

Defendant's failure to provide for an accessible dining surface and restroom at the Restaurant is a violation of the ADA and is discriminatory against the Plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damages award.

<u>Defendants</u>: On November 20, 2019, Plaintiff Brian Whitaker filed this lawsuit against Multiple Businesses in the City of Long Beach, Belmont Shore District, including these Defendants, asserting violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). Plaintiff, a quadriplegic who uses a wheelchair for mobility, alleges that in October 2019, he visited upwards of 25-20 businesses in the Belmont Shore District.

Plaintiff allegedly visited the store with "the intention to avail himself of its goods or services," but encountered dining surfaces that did not comply with ADA accessibility standards. He asserts that Defendants' failure to provide ADA-compliant dining surfaces denied him full and equal

access to the store, in violation of the ADA, 42 U.S.C. §§ 1201 et seq., and the Unruh Act, Cal. Civ. Code §§ 51–53.

In Case No. 2:19-cv-09457 PJW, Brian Whitaker v. Park & Second, LLC, Joyful Pasta (LaStrada Restaurant), in paragraph 10 of the Complaint, states that Mr. Whitaker visited LaStrada Restaurant in October of 2019, and in paragraph 12, claims again there were no accessible dining surfaces. The allegation is repeated in paragraph 13. On information and belief, but not personally encountered, in paragraphs 17 and 18, Mr. Whitaker claims the restrooms were not accessible. LaStrada Restaurant has a CASp Certificate attached hereto as Exhibit "B."

**b)   Subject Matter Jurisdiction**

<u>Plaintiff</u>: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

<u>Defendants</u>: The Court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Rule 201(b), a court may take judicial notice of the existence of matters of public record. See Marsh v. San

Diego Cty., 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Defendants' request to take judicial notice of the fact that, during the fall of 2019, Plaintiff filed several virtually identical lawsuits against other Businessowners along Defendants' street in Long Beach.

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." Velez v. Il Fornaio (America) Corp., CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. See Cal. Civ. Proc. Code § 425.50(a).

California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. See Cal. Civ. Proc. Code § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. Id. When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants."

What we do know is that in the month of October, 2019, according to the complaint, Mr. Whitaker attempted to eat at various restaurants, to get a hair cut, buy shoes, join a gymnasium and go to a Sports Bar:

**Belmont Shore, City of Long Beach**

Poke Pola, 5040 East Second Street; Case # 2:19-cv-09679-JFW-JC

Panama Joe's, 5100 East Second Street; Case # 2:19-cv-09676-DSF-SS

    (Motion to Dismiss Granted on February 7, 2020)

LaStrada Italian Restaurant, 4716 East Second Street;

Long Beach Tap House, 5110 East Second Street;

Long Beach Apparel and Gifts, Inc., 5110 East Second Street;

O' My Sole, 5016 East Second Street;

Legends Restaurant and Sports Bar, 5236 East Second Street; Case # 2:19- cv-09607-DSF-MAA

    (Motion to Dismiss Granted on February 7, 2020)

Rance's Chicago Pizza, 5258 East Second Street;

Sushi AI, 5260 East Second Street;

Sanchoz's Tacos, 5272 East Second Street;

Belmont Shore Athletic Club, 4918 E Second Street; Case # 2:19-cv-09963-RGK-GJS

    (Motion to Dismiss Granted on January 22, 2020)

Plaintiff must also show he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. Chapman, 631 F.3d at 946 (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)). The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." Id. at 944.

None of his Complaints accomplishes these elements.

**c)   Legal Issues**

<u>Plaintiff</u>: The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

<u>Defendants</u>: Motion to Dismiss by Defendants on the following grounds:

(1) Exercise of Supplemental Jurisdiction should be denied;

(2) Mr. Whitaker's claims are moot because the building and business entity have CASp Certificates and are ADA compliant.

**d)   Parties and Non-Party Witnesses**

<u>Plaintiff</u>: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigator for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The only documents that the plaintiff has would be photographs taken by Evens Louis.

<u>Defendants</u>:
1. Plaintiff, Brian Whitaker
2. Defendants' CASp Accessibility Expert
3. Plaintiffs' CASp Accessibility Expert
4. Defendant Property Owner
5. Defendant Business Owner

//

Joint Report of Counsel                                                                           2:19-cv-09457-JAK-AS

**e)  Damages**

Plaintiff: claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000 per violation.

Defendants: Attorney fees and costs pursuant to proof if the Motion to Dismiss is granted by this court.

**f)  Insurance**

None.

**g)  Motions**

Plaintiff: does not believe it likely that he will seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendants: Defendants have a pending Motion to Dismiss pursuant to Section 12(b)(6) scheduled for hearing on March 30, 2020, 8:30 a.m., before the Honorable Judge John A. Kronstadt and the Defendants have complied with Rule 7-3 to file a Motion to Declare the Plaintiff "vexatious.

**h)  Manual for Complex Litigation**

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

i)   **Status of Discovery**

<u>Plaintiff</u>: intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendants</u>:  The parties anticipate all discovery to be completed by April 30, 2020.  Defendant anticipates taking the deposition upon oral examination of the Plaintiff by said time.  The Parties anticipate serving written interrogatories, requests for admission and requests for production of documents no later than February 29, 2020.

j)   **Discovery Plan**

i)  <u>Disclosures</u>

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by January 6, 2020.

ii)  <u>Discovery Subjects</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible dining surface and restroom at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities.

<u>Defendants</u>:

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of November 2, 2020.

iii) <u>Changes in Limitations on Discovery</u>

<u>Plaintiff</u>: requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants</u>: Defendants object to any change in the limits in this matter. The allegations of the complaint do not warrant such a deviation.

**k)     Discovery cut-off**

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of September 21, 2020. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by October 19, 2020, and expert witness depositions be completed by November 2, 2020.

<u>Defendants</u>: Defendants agree.

**l)     Expert Discovery**

<u>Plaintiff</u>: proposes Initial disclosure of Expert Witnesses date of October 5, 2020, and a Rebuttal Disclosure of Expert Witnesses and Report of October 19, 2020. The date for Expert cut-off is proposed to be November 2, 2020.

<u>Defendants</u>: Defendants agree.

**m)     Dispositive Motions**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendants: Defendants have a pending Motion to Dismiss pursuant to Section 12(b)(6) scheduled for hearing on March 30, 2020, 8:30 a.m., before the Honorable Judge John A. Kronstadt and the Defendants have complied with Rule 7-3 to file a Motion to Declare the Plaintiff "vexatious.

**n)  Settlement**

The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

Defendants have no object to Paul Carter in the City of Long Beach off the Attorney Settlement Officer Panel.

**o)  Trial Estimate**

Plaintiff: has requested a bench trial and anticipates a 2-3 day trial.
Defendants: Defendants anticipate 3-4 day jury trial.

**p)  Trial Counsel**

Trial counsel for the Plaintiff is Raymond Ballister, Jr.
Trial counsel for Defendant is Michele A. Dobson.

**q)  Independent Expert or Master**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**r)  Timetable**

Appended as Exhibit A.

**s) Other Issues**

There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

**t) Patent Cases**

N/A

**u) Whether the Parties wish to have a Magistrate Judge preside?**

<u>Plaintiff</u>: consents to have a Magistrate Judge preside over this case at this time.

<u>Defendants</u>: Defendants request that the assigned judge rule upon the 12(b)6 motion. Discovery matters are agreed before a Magistrate Judge.

| | | |
|---|---|---|
| Dated: February 19, 2020 | | CENTER FOR DISABILITY ACCESS |

By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

Dated: February 19, 2020    LAW OFFICES OF MICHELE A. DOBSON

By: */s/Michele A. Dobson*
Michele A. Dobson
Attorney for Defendants

# SIGNATURE ATTESTATION

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: February 19, 2020          CENTER FOR DISABILITY ACCESS


                                   By: */s/Dennis Price*
                                   Dennis Price
                                   Attorney for Plaintiff

# EXHIBIT A

| Deadlines: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| Last Date to Add Parties/Amend Pleadings | 6/8/2020 | 02/29/20 | |
| Non-Expert Discovery Cut-Off | 9/21/2020 | 04/30/20 | |
| Expert Disclosure (Initial) *(2 weeks after non-expert discovery cut-off)* | 10/5/2020 | 05/20/20 | |
| Expert Disclosure (Rebuttal) *(4 weeks after non-expert discovery cut-off)* | 10/19/2020 | 06/01/20 | |
| Expert Discovery Cut-Off *(6 weeks after non-expert discovery cut-off)* | 11/2/2020 | 06/20/20 | |
| Last Date to File All Motions (incl. discovery motions) *(6 weeks after non-expert discovery cut-off)* | 11/2/2020 | 06/20/20 | |
| **Settlement Procedure Selection:** (*ADR–12 Form will be completed by Court after scheduling conference*) | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non–Judicial (Private) | 2. Attorney Settlement Officer Panel | 2. Paul Carter from the Attorney Settlement Panel | |
| Last day to conduct settlement conference/mediation | 11/16/2020 | 06/20/20 | |
| Notice of Settlement / Joint Report re Settlement *(First Friday following last day to conduct settlement conference or mediation)* | 11/20/2020 | 06/30/20 | |
| Post Mediation Status Conference: *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | 11/30/2020 | 07/15/20 | |

14

Joint Report of Counsel 2:19-cv-09457-JAK-AS

# EXHIBIT B



All or part of this facility located at

**4716 E. 2nd St.  Long Beach, CA**

has been inspected by a Certified Access Specialist (CASp).

# ACCESS INSPECTED

THIS CERTIFICATE DOES NOT IMPLY THAT THIS FACILITY MEETS DESIGN AND CONSTRUCTION REQUIREMENTS FOR ACCESSIBILITY FOR INDIVIDUALS WITH DISABILITIES.

Inspection Date: **11/23/2019**  
CASp Certificate #: **190**  
CASp Signature: *[signature]*  
CASp Name: **Ronald V. Lockman** (Please Print)

Inspection Certificate #: **34067**



Pursuant to Civil Code 55.53 (e), this certificate shall accompany a CASp inspection report completed in accordance with Construction-Related Accessibility Standards Compliance Act.

www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx